Aiken et al. vs. Leathers et al.

· No. 10,001.

CATHARINE M. AIKEN ET AL. VS. THOMAS P. LEATHERS ET AL.

In an action in a court of Louisiana, on a bond of injunction or for a restraining order, issued in and by the order of a Federal Court in a chancery suit, conditioned to secure the defendant in such a suit against all damages which he may suffer from the injunction or restraining order in case the same may be decided to have wrongfully issued, counsel fees incurred for the dissolution of such an injunction, may be claimed and recovered as an element of the damages contemplated by the parties to the bond.

But the allowance cannot include the entire amount of fees paid by the obligee to his attorneys in the entire litigation, including the issue on the merits of the cause.

APPEAL from the Civil District Court, for the Parish of Orleans. *Houston*, J.

*Thomas L. Bayne* for Plaintiffs and Appellants:

A bond given for an injunction is a contract upon which plaintiffs obtain on the writ; and using it become responsible for the damages which its use occasions. 13 Ann. Rep. 21. This is true whether the bond was given in the Federal Court or State Court, 120 U. S. 206; 35 Ann. 220-1199; 37 Ann. 482; 105 U. S., 446.

The dissolution of the injunction establishes *prima facie* that the writ was wrongfully obtained, and subjects the plaintiff in injunction to the payment of damages caused by the use of the writ. 32 Ann. 1181; 33 Ann. 9; 35 Ann. 220-360-1199; 12 Ann. 181; 2 Ann. 873; 101 U. S. 301.

And as part of these damages, defendants in injunction are entitled to recover attorney's fees paid by them for setting aside the injunction. 37 Ann. 482; 120 U. S. 206: 105 U. S. 446; High on Injunction, Sec. 1685-1686. 35 Ann. 220-360, and cases above cited.

Drake on attachments 5th ed., §175, 13 Ann. 214-440; 20 Ann. 66; 27 Ann. 192.

In Flietas vs. Halsey, Opinion Book 56, p. 1210, counsel fees expressly allowed, and on rehearing, Opinion Book 57, p. 600, adhered to and damages increased.

This was on bond for attachment.

*Chas. S. Rice* and *Howe & Prentiss* for Defendants and Appellants.

The opinion of the Court was delivered by

POCHÉ, J. This is a suit for damages on a bond furnished by the defendants as the condition of a restraining order in a suit in chancery instituted by Thomas P. Leathers in the United States Circuit Court for the Eastern District of Louisiana, against Joseph A. Aiken.

The object of the suit was to have cancelled and annulled a wharf lease previously entered into between the city of New Orleans and Joseph A. Aiken. In addition to the principal demand, the complainant had prayed for an injunction *pendente lite*, and for a restraining order to prevent the wharf lessee from collecting dues from him, until the hearing of his prayer for injunction. The restraining order was issued on the 4th of August, and the rule for injunction *pendente lite*, was fixed for hearing on the 7th of November of the same year, 1881, and the amount of the bond for the restraining order was $5000.

On hearing, at the end of December following, the injunction prayed for was denied, and the restraining order was dissolved; the suit terminated shortly thereafter.

The claim in the present suit is for counsel fees in the sum of $5000 and for other costs alleged to be incidental to the proceedings for the dissolution of the restraining order, amounting to $410. The judgment of the district court allowed plaintiffs $500 for attorneys' fees incurred by reason of the restricting order; $168 as the cost of photographic views of the wharves and $46 40 for affidavits taken for use in connection with the restraining order, making a total of $714 40, and both parties have appealed.

The principal contention of the defendants is that no counsel fees can be recovered in an action on an injunction bond furnished under the order and jurisdiction of a Federal Court, in an equity proceeding. This point had been previously presented by way of a peremptory exception of no cause of action pleaded *in limine* in this case, and it was considered by this court in the opinion reported in the 37th Ann. p. 482.

In that opinion it was held in emphatic and unmistakable language that the exception was not good, and that the action for counsel fees could be maintained on the bond now in suit.

At the urgent instance of defendants' able counsel we have carefully reviewed our previous opinion, and have gone over the whole ground of discussion submitted by counsel, including a serious consideration of the opinion of the Supreme Court of the United States in the case of Oelricks vs. Spain, 15 Wallace p. 211.

In that case it appears that the injunction was the primary, exclusive and ultimate object of the entire litigation   Its object was to restrain the custodian or trustee of a large fund from paying over and distributing the same to the parties for whom he held the trust, and to enjoin the parties aforesaid "from asking for or receiving said fund."

In keeping with the order of the court, the bond was conditioned that the plaintiff in injunction "shall prosecute the writ of injunction to effect and pay as well the costs, damages and charges that shall occur in said circuit court   *   .   *   *   as all costs, damages and charges that shall be occasioned by said writ of injunction," etc., etc.

After the dissolution of the injunction, a bill was brought in chancery by the obligees of the bond to recover damages in the shape of interests and counsel fees.

In disposing of the contention involving the allowance of counsel

fees, the court, considering that the entire litigation consisted of the injunction, assimilated the demand to one made to recover counsel fees from the party cast in an ordinary action, and not on a bond.

The court said : "It is the settled rule that counsel fees cannot be included in the damages to be recovered from the infringement of a patent. They cannot be allowed to the gaining side in admiralty as incident to the judgment beyond the costs and fees allowed by the statute."

In concluding, the court added : "In debt, covenant and assumpsit damages are recovered, but counsel fees are never included. So in equity cases, where there is no injunction bond, only taxable costs are allowed to the complainants. The same rule is applied to the defendant, however unjust the litigation on the other side. * * * The parties in this respect are upon a footing of equality. There is no fixed standard by which the *honorarium* can be measured. Some counsel demand much more than others; some clients are willing to pay more than others; more counsel may be employed than are necessary. When both client and counsel know that the fees are to be paid by the other party there is danger of abuse. A reference to a master or an issue to a jury, might be necessary to ascertain the proper amount, and this grafted litigation might possibly be more animated and protracted than in the original cause."

As all the considerations which led that exalted tribunal to a denial of counsel fees as an element of damages, refer to a demand assimilated to a claim for damages in an injunction suit proper, and to such a demand in chancery, we feel justified to conclude that the court did not intend to exclude such a demand in a suit at law, much less in an action filed in one of our State courts, in which there is no chancery, as contradistinguished from, a jurisdiction of common law, or in a case in which a preliminary restraining order had been granted merely as ancillary to a principal demand for the cancellation of an important and valuable contract. These views are substantially confirmed by the reasoning used, and by the conclusions reached by the Supreme Court in the cases of Meyers vs. Block, Meyers vs. Levy, reported in 120 U. S. Rep. p. 206, which went up from this court on writs of error.

In the decision of those cases the Supreme Court established a clear distinction between the issues involved therein and the questions presented in the case of Bein vs. Heath, 12 Howard 168. In view of the great reliance placed by defendants' counsel herein, on the latter decision, as sustaining the same views alleged to have been announced

in the case of Spain vs. Oelrichs, we attach great importance to the decision in the Block case.

In that case the obligors on the injunction bond, who were therein sued on the bond, had made the point which defendants substantially make here; that an action on a bond of injunction given in equity in and by order of a Federal Court, could not be entertained against the obligors on the bond in the court, and subjected to the law and jurisprudence of the State of Louisiana. And they had rested their argument on the authority of the case of Bein vs. Heath above referred to. After reviewing that case, and sustaining the views therein announced, the court proceeded to demonstrate the difference between it and the Block case, saying: "But, according to our view, the bond sued on in the cases before us do not demand any such construction. It is plain that they could not be intended as security for any debt or *demand in litigation,* (italics are ours) but as security only for the damages that might be sustained by the issuing of the injunctions. The condition is to pay "all such damages as he (Isaacs, in the one case, and Block in the other) may recover against us in case it should be decided that said writ of injunction was wrongfully issued."

Recover how? By the law of Louisiana, damages may be recovered for suing out an injunction without just cause, independently of a bond. 3 La. 291. But this cannot be done in the United States Courts. Without a bond, no damages can be recovered at all. Without a bond for the payment of damages or other obligation of like effect, a party against whom an injunction wrongfully issues can recover nothing but costs, unless he can make out a case of malicious prosecution. It is only by reason of the bond, and upon the bond, that he can recover anything. When, therefore, the condition of the bond in these cases declares that the obligors will pay such damages as the obligee may recover against them, it must mean that they will pay such damages as he may recover by a suit on the bond itself. Otherwise it is senseless and vain. Construed in this way, it is in strict conformity with the order which required it. It is in this way that the bonds in question were finally construed by the Supreme Court of Louisiana, and we think its construction was right. Block vs. Meyer, 35 Ann. 220.

The condition of the bond in suit in the instant case was that the obligors would "well and truly pay to Aiken all such damages as he may recover against us in case it should be decided that the injunction or restraining order was wrongfully obtained;" which is almost in

terms precisely similar to the conditions in the bonds construed in the Block Levi cases by the Supreme Court of the United States.

Now a reference to the records of those cases shows that counsel fees were an element of damages, in the demand as well as in the proof. Hence we feel authorized to conclude that the decisions which we have considered and consulted are not to be construed as excluding counsel fees as an element of damages in an action *at law* in a Federal Court, and *a fortiori* in a Louisiana court for the recovery of damages on a bond of injunction given in and by the order of a Federal Court in an equity proceeding.

Hence we hold that defendants' contention on that point is not supported by the authorities relied upon, and that it cannot be sanctioned in our jurisprudence. We feel relieved from judicial responsibility for any error of judgment which we may commit in reaching this conclusion, by the thought that it lies within the power of defendants to obtain a correction of such error at the hands of the exalted tribunal whose decision on the point would be our guide for the future.

With these views, we reach the discussion of the right of plaintiffs, under the evidence, to recover counsel fees as damages incurred as a result of the restraining order.

On that branch of the case defendants contend that plaintiffs are not entitled to recover damages for counsel fees, on the ground that the dissolution of the restraining order did not result from any proceedings or hearing instituted or had for such dissolution, but that it flowed from the hearing and the refusal of complainant's application for an injunction *pendente lite*, to which were directed all the professional labors and services of counsel of the respondent in the equity proceedings.

To a great extent that contention is supported by the record, from which it appears that the fees paid to such counsel by the defendant embraced all the services rendered by counsel in the suit of Leathers vs. Aiken. The receipts given by the two law firms employed by him in the litigation, each for $2500, show further that the sums thus received were in full of all legal services to January 1st, 1882, including suit of Leathers vs. Aiken, U. S. Circuit Court." Hence the inference is irresistible that the entire amount of fees thus settled for, could not have been understood by the parties themselves, attorneys and clients, as having been earned in proceedings which resulted in the dissolution of the restraining order alone, or even in the entire litigation.

It also appears from the record that as the judge was, during his summer vacations, absent from his circuit, and as counsel for com-

plainant had declined to appear and argue a motion for dissolution of the restraining order, at any point or place outside of the circuit, there was no formal hearing of such a motion, before the hearing which took place in December following, on the question of complainant's right to an injunction *pendente lite.*

But it is in proof that counsel for the defendant in the equity suit, did perform some special labors and render some professional services required and demanded exclusively by the necessities of the case for the dissolution of the restraining order. The district judge has estimated the value of such services at five hundred dollars, and we find no grounds to justify us in disturbing his conclusions on that point.

We therefore deny the increase asked for by plaintiffs. And, with the district judge, we find that defendants must likewise be held for the two additional amounts allowed by the judge *a quo.* From our reading of the record we are satisfied that the photographs taken of the wharves and the affidavits prepared and the aggregate cost of which make up the sum allowed, were necessitated by the effect of the restraining order.

It is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed at the joint costs of plaintiff and defendants in equal proportions.