## JOAB MULVANE v. A. J. TULLOCK.

### No. 10214.

1. INJUNCTION BOND—*given in federal court, attorney's fees recoverable on in state court.* Attorney's fees are recoverable as damages upon an injunction bond; and the fact that they are not allowed in the federal court will not preclude recovery of such damages in a state court where an action is brought upon an injunction bond given in a federal court.

·2. ———— *injunction dissolved as to all, but order entered as on motion of one, any defendant may sue.* Where a number of defendants.filed separate motions to dissolve an injunction, which were set for hearing and submitted at the same time, when the injunction was dissolved as to all, the fact that the order of dissolution was entered as if made upon one of the motions will not prevent the other defendants from recovering upon the injunction bond such damages as were actually sustained.

3. ———— *understanding among defendants as to attorney's fees, unknown to injunction plaintiff, will not affect him if settlement made with some defendants without regard to that understanding.* Several of the defendants, who had filed pleadings in the case and proceeded as if they had distinct interests and rights to protect, for sufficient consideration released the plaintiffs from all liability upon the injunction bond. Afterward, one of the defendants who did not release plaintiffs asked damages for the fees paid to the attorneys of the defendants who did release, claiming that he had agreed to assume the entire burden of the defense against the injunction, and in pursuance of that agreement had paid the fees of the attorneys who appeared for his codefendants. *Held*, in the absence of any notice or knowledge that there had been an assumption of the attorney's fees or an equitable assignment of the claim for damages by reason thereof, the plaintiffs had a right to assume that they were relieved from liability for any and every expense incurred in and about the dissolution of the injunction by the parties who signed the release.

Error from Shawnee Circuit Court. Hon. J. B. Johnson, Judge. Opinion filed November 6, 1897. *Reversed*.

THIS was an action by Joab Mulvane against A. J. Tullock and W. M. D. Lee upon an injunction bond. No service was had upon Lee, and the case proceeded to trial and judgment against Tullock alone. The case was tried by the court without a jury, and when the plaintiff's evidence was closed Tullock demurred thereto, and, without other testimony, the matter was submitted to the court. Upon the testimony, the following findings of fact and conclusions of law were made:

### FINDINGS OF FACT.

"1. The court finds that upon the eighteenth day of December, 1889, the plaintiff, Joab Mulvane, entered into a written contract with Coffin & Stanton, of New York, and Woodbury & Moulton, of Portland, Maine, whereby the said Mulvane sold to the said Coffin & Stanton and Woodbury & Moulton the entire capital stock of the Topeka Water Supply Company, of Topeka, Kansas, in consideration whereof the said Coffin & Stanton and Woodbury & Moulton paid the said Mulvane $50,000 in cash upon the execution of said contract, and promised to pay him in addition thereto the sum of $500,000, on or before February 10, 1890, with interest thereon at six per cent. per annum from January 1, 1890. The stock sold by Mulvane to Coffin & Stanton and Woodbury & Moulton was not to be delivered until the full payment of the purchase price had been paid.

"2. On the fifth day of February, 1890, George P. Wescott and Samuel Hanson brought an action against said Joab Mulvane, the Topeka Water Supply Company, the Topeka Water Company, Edward Coffin and Walter Stanton, Charles Harvey Jackson, Charles Fawcett, under the firm name of Coffin & Stanton, and the Atlantic Trust Company, in the Circuit Court of the United States for the District of Kansas, to

enjoin the execution of said contract entered into between said Mulvane and Coffin & Stanton, and to specifically enforce a contract for the sale of the stock of said water company to said Wescott & Hanson. That the application of complainants for a temporary injunction in said cause was set down for hearing on the twelfth day of February, 1890, and in the meantime a restraining order was issued by said court restraining said Mulvane from executing said contract with Coffin & Stanton and Woodbury & Moulton.

"3. The court further finds that upon the thirteenth day of February, 1890, said United States court issued and served upon said Joab Mulvane a temporary injunction enjoining the execution of said contract, upon condition that the complainants in said cause should give a bond to the defendants therein in accordance with law in the sum of $75,000. That afterwards the said Circuit Court of the United States made an order allowing complainants to deposit with the clerk of said court the sum of $75,000 cash in lieu of the bond required to be given, and that thereafter said court permitted said complainants to withdraw said cash deposit and substitute a bond therefor.

"4. The court further finds that the copy of the bond set forth in plaintiff's petition is a true copy of the bond given by Wescott & Hanson, as found in the preceding finding, and that the A. J. Tullock and W. M. D. Lee who signed said bond are the parties defendant in this cause.

"5. After the filing of said bill, to wit, on February 24, 1890, Theodore C. Woodbury, William H. Moulton and Edward York, parties doing business under the firm name of Woodbury & Moulton, by J. D. McFarland, Eugene Hagan and Hurd & Dunlap, their attorneys, filed their application in said Circuit Court to be made parties to said suit, claiming that they were necessary and indispensable parties defendant in said cause to a full determination of the questions involved in said suit, and interested in the subject-matter of the same.

"6. On March 7, 1890, the said motion of Woodbury & Moulton to be made parties defendant in said suit came on to be heard before said Circuit Court,

and thereupon said application was considered by the court and denied.

"7. On March 3, 1890, the defendant Joab Mulvane, entered his appearance in said cause pending in the Circuit Court of the United States, by his solicitors, Williams & Dillon, Eugene Hagan, Hurd & Dunlap and J. D. McFarland, and on the same day the Topeka Water Company and the Topeka Water Supply Company, by their attorneys, Williams & Dillon, Eugene Hagan, Hurd & Dunlap and J. D. McFarland, entered their several appearances in said suit.

"8. On the third day of March, 1890, the defendant Mulvane, by his solicitors, Williams & Dillon, Eugene Hagan, Hurd & Dunlap and J. D. McFarland, filed his separate answer to the complainants' bill of complaint in the office of the clerk of the Circuit Court, and on the same day the Topeka Water Company, and the Topeka Water Supply Company, each of them, by their solicitors Williams & Dillon, Eugene Hagan, Hurd & Dunlap and J. D. McFarland, filed their separate answers to complainants' bill of complaint in said action.

"9. On March 25, 1890, Coffin & Stanton, by their solicitors, Silas B. Jones and J. D. McFarland, filed their separate answer to said bill of complaint in said Circuit Court.

"10. On April 1, 1890, Coffin & Stanton, by their solicitors, Silas B. Jones and J. D. McFarland, filed in said cause, in the office of the clerk of said Circuit Court, a motion to dissolve said injunction, to be heard on Tuesday, the third day of April, 1890, before the Honorable Henry C. Caldwell, judge of the United States Circuit Court, at his chambers in the city of Little Rock, Ark.; and on the same day the said Joab Mulvane, the Topeka Water Supply Company and the Topeka Water Company, by their solicitors, A. L. Williams, J. D. McFarland, Hurd & Dunlap and Eugene Hagan, filed their motion to dissolve said injunction, fixing a time for such hearing for April 3, 1890, before the Honorable Henry C. Caldwell, judge

of said Circuit Court, at his chambers in the city of Little Rock, State of Arkansas.

"11. On the fourth day of April, 1890, in pursuance of said several motions to dissolve said injunction, there appeared before Judge Caldwell, at his chambers in Little Rock, Ark., Messrs. Rossington, Smith & Dallas, solicitors for complainants, and also Joab Mulvane, the Topeka Water Company and the Topeka Water Supply Company, by A. L. Williams, J. D. McFarland, Eugene Hagan and A. A. Hurd, their attorneys, and also Coffin & Stanton, by Silas B. Jones and J. D. McFarland, their attorneys; and the motion of Coffin & Stanton to dissolve the temporary injunction issued in said cause came on for hearing; and thereupon the judge of said court, on said fourth day of April, 1890, made and entered an order upon the journals of said court in words and figures following, to wit:

" '*In the Circuit Court of the United States for the District of Kansas.*

GEORGE P. WESCOTT AND SAMUEL HANSON,
          vs.          *Complainants*,
JOAB MULVANE, THE TOPEKA WATER COMPANY,
     THE TOPEKA WATER SUPPLY COMPANY, COFFIN
     & STANTON, AND THE ATLANTIC TRUST COM-
     PANY, *Defendants*.

" 'Before the Honorable Henry C. Caldwell, Circuit Judge of the Eighth Circuit, at chambers, in the city of Little Rock, Ark.

" 'And now come said complainants, by Rossington, Smith & Dallas, their solicitors, and also come Joab Mulvane, the Topeka Water Supply Company, the Topeka Water Company, by A. L. Williams, J. D. McFarland, Eugene Hagan and A. A. Hurd, their attorneys; and also come Coffin & Stanton, by Silas B. Jones and J. D. McFarland, their attorneys, and the motion of Coffin & Stanton to dissolve the temporary injunction issued in this cause came on for hearing; and it appearing that an indispensable party defendant to this suit is not made a defendant and cannot be made a defendant without ousting the jurisdiction of this court, the said indispensable party defendant and the plaintiffs being citizens of the same State, and it further appearing that the court granting the temporary injunction postponed the considera-

tion and decision of this question until the coming in of the pleadings and proofs now before me on that subject, it is therefore ordered, considered and adjudged that the temporary injunction granted in this cause by the Circuit Court on the thirteenth day of February, 1890, be and the same is hereby dissolved.                    HENRY C. CALDWELL,

*Circuit Judge of the Eighth Circuit.'*

"12. On the seventeenth day of October, 1890, a stipulation was filed in said cause pending in the United States Circuit Court, a copy of which, omitting caption, reads as follows:

"'It is hereby stipulated in the above-entitled cause between the complainants and defendants, Coffin & Stanton, and the Topeka Water Supply Company and the Topeka Water Company, as follows:

"'(1) The complainants herein dismiss their bill as to the above-named defendants, Coffin & Stanton, the Topeka. Water Supply Company, the Topeka Water Company, and discharge the said defendants and each of them from all liability to complainants by reason of any of the matters alleged or prayed for in the bill of complaint in this cause.

"'(2) Complainants hereby withdraw so much of their bill as seeks a specific performance of the alleged contract between complainants and Joab Mulvane, described in said bill of complaint.

"'(3) In consideration of the above, the defendants Coffin & Stanton, the Topeka Water Supply Company and the Topeka Water Company, and each of them, hereby waive, release and relinquish any and all rights of action that they or any of them may have, if any, against the plaintiffs on the injunction bond given herein, or otherwise, by reason of the complainants having sued out a temporary injunction in this cause.

"'(4) Nothing contained in this stipulation shall enlarge or lessen, or in any manner affect the rights or remedies of complainants against Joab Mulvane in this suit or in any action except as contained in paragraph 2 hereof, nor shall anything contained herein

enlarge or lessen or in any manner affect the rights or remedies of Joab Mulvane against complainants in this or any other action.

ROSSINGTON, SMITH & DALLAS,
*Solicitors for Complainants.*

COFFIN & STANTON,
*By* SILAS B. JONES, *their Solicitor.*

A. L. WILLIAMS AND J. D. MCFARLAND,
*Solicitors for the Topeka Water Supply Company, and the Topeka Water Company, defendants.*

"'Endorsed : No. 6448. Stipulation filed October 7, 1890.— GEO. F. SHARITT, *Clerk.*'

"13. The court further finds that after the filing of said stipulation the bill was retained, by consent of all parties, with the understanding that the case should be tried, and that damages should be assessed by the court, in lieu of a decree of specific performance, as for a breach of said contract, if the court was of the opinion that the complainants were originally entitled to specific performance.

"14. The court further finds that said cause was afterwards submitted to said court, and, upon the twenty-sixth day of September, 1892, a decree was rendered dismissing the complainants' bill of complaint with costs to the said defendant Joab Mulvane.

"15. Thereafter, and on the nineteenth day of December, 1892, the said complainants appealed said cause to the United States Circuit Court of Appeals for the Eighth Circuit, in due form of law, and gave a supersedeas bond to supersede judgment for costs and damages, and thereafter, upon the sixteenth day of October, 1893, the said Circuit Court of Appeals affirmed the decree of said Circuit Court.

"17. The court further finds that, upon the question as to whether the Circuit Court had erred in dissolving the temporary injunction, the Circuit Court of Appeals decided that the appellants could not be heard to complain of the order dissolving the temporary injunction, because they had voluntariiy dismissed so much of their bill as sought a specific performance of the alleged contract, and the relief by injunction was only incident to the relief of specific

performance prayed for by the complainants. The language of the Circuit Court of Appeals upon this matter is as follows :

" ' It is assigned for error that the Circuit Court erred in dissolving the temporary injunction as well as in dismissing the bill on the ground heretofore stated. As the first of these assignments was somewhat pressed on the argument, it becomes necessary to say, and we think it is all-sufficient to say, that the appellants cannot be heard to complain in this court of the order dissolving the temporary injunction, after voluntarily withdrawing so much of the bill as sought a specific performance of the alleged contract. An injunction could only be awarded as an incident to that species of equitable relief, and when the allegations and the prayer of the bill looking to that form of relief were withdrawn the injunction necessarily shared the same fate.'

" 18. Joab Mulvane is entitled to recover from the defendants herein the following sums of money expended in obtaining a dissolution of said temporary injunction, and the said expenditures were reasonable and necessary for that purpose :

| | |
|---|---:|
| Cash paid to George F. Sharitt, clerk of the United States Circuit Court, for costs ................................... | $34 55 |
| To George F. Sharitt, clerk of the United States Circuit Court, for costs ........................................ | 20 00 |
| To George F. Sharitt, clerk of the United States Circuit Court, April 11, 1890, for costs.......................... | 37 25 |
| Sundry telegrams sent by Mulvane ....................... | 70 60 |
| To C. B. Safford, February 24, 1890, for stenographer's fees, | 6 00 |
| Personal expenses of Mulvane to Little Rock, April 6, 1890, | 128 68 |
| Interest on the above amounts from the dates of their expenditure up to the rendition of the judgment herein, February 5, 1894, at 6 per cent. interest per annum, as follows: | |
| George F. Sharitt, interest on $34.55 ............. .... | 8 23 |
| George F. Sharitt, paid February 15, 1890, $20; interest on same........................................ | 4 68 |
| George F. Sharitt, paid April 11, 1890, $37.25; interest, | 8 53 |
| C. B. Safford, paid February 24, 1890, $6; interest.... | 1 32 |
| Mulvane, personal expenses April 6, 1890, $128.68; interest ......................................... | 29 59 |
| Total ...................................... | $349 43 |

" 19. The plaintiff, Joab Mulvane, is entitled to recover interest on the sum of $503,333.33, being the total amount due from Coffin & Stanton to Joab Mul-

vane upon the contract referred to in the first finding of fact, from February 13, 1890, to April 4, 1890, at the rate of six per cent. ; amounting to $4,387.69.

"20. That said Joab Mulvane paid said attorneys for their services in the said cause of Wescott & Hanson v. Mulvane *et al.*, the following sums of money, which were reasonable and necessary :

To J. D. McFarland the sum of $4,000.

To Hurd & Dunlap the sum of $6,000.

To Eugene Hagan the sum of $3,000.

To A. L. Williams the sum of $3,000.

"That the fees paid to Hurd & Dunlap, Eugene Hagan and A. L. Williams, as above found, were for services rendered in said cause up to and including the dissolution of the temporary injunction therein, and not for any services rendered thereafter. Said J. D. McFarland was paid a fee of $4,000 for his services in said cause, upon May 24, 1890.

"21. That in appearing for other parties in said cause of Westcott & Hanson v. Mulvane *et al.*, said J. D. McFarland, Hurd & Dunlap, Eugene Hagan and A. L. Williams did so in pursuance of their employment by said Mulvane, and for his benefit, and received their compensation for services in said cause from said Mulvane.

"22. That said Joab Mulvane paid said Silas B. Jones and John B. Gleason, for their services in said cause, the sum of $1,994.18, and that said amount was a reasonable fee for the services rendered by said Silas B. Jones and John B. Gleason in said cause.

"23. That said Silas B. Jones and John B. Gleason rendered no services in said case of Wescott & Hanson v. Mulvane *et al.*, after the dissolution of said temporary injunction.

"24. At the time an appeal was allowed in said case of Wescott & Hanson v. Mulvane *et al.*, the order of the court provided for a supersedeas bond of $1,000, which should operate as a supersedeas as to costs only."

The court finds from the foregoing facts, as conclusions of law:

CONCLUSIONS OF LAW.

"1. That the action of the United States Circuit Court in dissolving the said temporary injunction was made final by the voluntary withdrawal by complainants of so much of their bill as sought a specific performance of the alleged contract.

"2. That the plaintiff is entitled to recover from the defendant Tullock, the sum of $349.43, being the amount expended by plaintiff for the expense in procuring a dissolution of said injunction, with interest on such expenses as set forth in the findings above.

"3. That there was due from Coffin & Stanton to Mulvane upon the contract referred to in findings of fact, from the first day of January, 1890, the sum of $503,333.33, and the plaintiff is entitled to recover interest thereon at the rate of 6 per cent. per annum from said February 10, 1890, to April 4, 1890, $4,387.69.

"4. The plaintiff is entitled to recover judgment against the defendant, Tullock, for the sum of $4,737.12.

"5. The plaintiff is not entitled to recover in this action on account of attorney's fees paid to Williams & Dillon, or either of them, to Hurd & Dunlap, J. D. McFarland, or Eugene Hagan.

J. B. JOHNSON, *Judge.*"

The court thereupon gave judgment in favor of Mulvane for $4,737.12. The plaintiff excepted to the findings and judgment, claiming that he was entitled to recover a much larger sum than was awarded, and thereupon brought error to this court.

*Williams & Dillon, N. H. Loomis* and *R. W. Blair,* for plaintiff in error.

*Rossington, Smith & Dallas,* for defendant in error.

JOHNSTON, J. The measure of damages recoverable upon the injunction bond is the principal subject of dispute between the parties. According to the provi-

sions of the bond in question, the obligors bind themselves to the defendants in the injunction proceeding for the payment of "all damages which they or either of them have already sustained, or may at any time sustain, by reason of the granting or issuing of said restraining order or the granting and issuing of said temporary injunction," etc. Does this provision of the bond entitle the obligee to counsel fees necessarily expended in resisting and defeating the injunction? We think the question must be answered in the affirmative.

That counsel fees are recoverable as damages upon an injunction bond, has been the uniform holding of this court from the beginning; and this appears to be the view taken by most of the courts of the country. 1. Attorneys' fees recoverable. *Underhill v. Spencer*, 25 Kan. 71; *Loofborow v. Shaffer*, 28 id. 71; *Loofborow v. Shaffer*, 29 id. 415; *Nimocks v. Wolles*, 42 id. 39; 10 Am. & Eng. Encyc. of Law, 999, and cases cited. It appears, however, that there are some decisions of the Federal courts to the contrary, holding that the obligation of an injunction bond imposes no duty upon the obligor to pay the attorney's fees if the injunction is wrongfully obtained. *Arcambel v. Wiseman*, 3 Dallas, 306; *Oelrichs v. Spain*, 15 Wall. 211. It is contended that, as the bond was given in a case in one of the Federal courts, the obligation must be interpreted in accordance with the decisions of those courts. The claim is that the rules and decisions of the Supreme Court of the United States have the force of legislative declarations; that they enter into, and become a part of, the contract of the sureties, who can only be held liable for such consequences as are the direct result of the breach and were within their contemplation at the time the bond was executed. No statute, however, prescribed the conditions of the bond nor

limited the extent of liability thereon. It is true that it was within the general equitable power of the Federal court to prescribe the conditions upon which the injunction should issue. It could have granted an injunction without requiring a bond, or it might in its discretion have imposed such terms as it saw fit as a condition of granting the injunction. It did require the giving of a bond, and the bond was executed in accordance with the order of the court. The bond executed is in the ordinary form; is in the nature of a contract; and the liability of the obligors depends, not on the Federal Constitution or a congressional act, but on the proper interpretation of the bond itself. In the absence of a statute fixing the measure of damages or limiting the recovery, we think the bond should be viewed in the light of an independent contract, and is to be interpreted by the general principles of the common law. It is not a mere incident of the injunction proceeding, nor can this, which is an ordinary action at law, be regarded as auxiliary to the proceeding in the Federal court. Being an independent contract, actionable in any state court where service upon the sureties can be obtained, the interpretation of the forum applies. As the action on the bond could be brought in the state court — and, indeed, the present action could not have been brought in any other — it cannot be said that the sureties contracted with reference to the view of the law taken by the Federal courts. They knew that the obligation was enforceable in the courts of the state of which the plaintiff and defendants were all residents, and that the highest court of that state had consistently held that counsel fees were recoverable upon an injunction bond. That the bond was given in a Federal court, where a different rule of interpretation obtains, has not been

deemed to affect the state court in determining the liability upon such bond when suit was brought thereon. *Mitchell v. Hawley*, 79 Cal. 301; *H. & St. J. Rld. Co. v. Shepley*, 1 Mo. App. 254; *Wash v. Lackland*, 8 id. 122; *Aiken v. Leathers*, 40 La. Ann. 23; *Corcoran v. Judson*, 24 N. Y. 106. In *Mitchell v. Hawley*, supra, the Supreme Court of California expressly held that the fact that counsel fees are not allowed in United States courts in actions on injunction bonds, does not preclude a recovery of such damages in an action in a state court on an injunction bond given in a United States court. It was said that "bondsmen in such cases cannot be held to have contracted with the understanding that a suit would be brought upon the bond, if at all, in a Federal court and that their liabilities would be fixed according to the view which that court might be supposed to take of the law. If, for instance, the defendants here and the defendants in the injunction suit were all residents of California, which was probably the fact, an action on the bond could probably not be maintained in a Federal court." In *Wash v. Lackland*, supra, it is said :

" There was no stipulation in the bond that it should be sued on in a Federal conrt. While it is but natural and proper to suppose that the Federal tribunals would adhere to their former rulings, there is yet no guaranty to that effect in the contract. We, therefore, fail to perceive that the makers 'intended to create only such obligations as attached under the Federal jurisprudence.' The interpretation of a contract belongs to the court before which it is pending. That being once settled by a superior and judicial authority, it is of no consequence what might be the interpretation in a different jurisdiction. It is settled in Missouri that attorney's fees paid in the defense of an injunction suit may be recovered as damages in an action on the injunction bond ; and this, although the bond was given and the injunction obtained in a Federal court."

Attention has been called to *Moyer v. Block* (120 U. S. 207), cited as an authority in behalf of defendant, which was a case from Louisiana. The Supreme Court of Louisiana allows attorney's fees as damages upon an injunction bond given in a Federal court, and in *Moyer v. Block* the judgment of that court was affirmed by the Supreme Court of the United States. The report of the case does not clearly show the damages sought to be recovered in the case, or that attorney's fees were involved. In the late case of *Aiken v. Leathers*, supra, in referring to the cases taken from that State to the Supreme Court of the United States, the court says :

" Now a reference to the records of those cases shows that counsel fees were an element of damages in the demand as well as in the proof. Hence we feel authorized to conclude that the decisions which we have considered and consulted are not to be construed as excluding counsel fees as an element of damages in an action *at law* in a Federal court, and *a fortiori* in a Louisiana court, for the recovery of damages on a bond of injunction given in and by the order of a Federal court in an equity proceeding."

In view of the authorities, we would not feel justified in departing from the rule established by the decisions of this court, and applying another to the case before us simply because the bond was given in a proceeding in one of the Federal courts.

It is contended that the plaintiff cannot recover attorney's fees, because the final ruling and entry dissolving the injunction was made upon the motion of Coffin & Stanton. It appears, however, that Mulvane resisted the issuance of an injunction and moved for its dissolution. His motion and that of Coffin & Stanton were set down for hearing before Judge Caldwell at the same time. Only one hearing was necessary ; and,

2. Defendants may recover on injunction bond, when.

as the grounds for dissolution were the same in each motion, it was immaterial which one was formally called up, or in which one the final entry was written. The injunction was dissolved as to all parties, and upon the ground that Woodbury & Moulton were indispensable parties in the injunction case, and, as they were residents of the same state with the plaintiffs, the court was ousted of its jurisdiction. It appears that Mulvane was the party principally interested in the proceeding. He had sold, and was attempting to transfer, property valued at more than a half million dollars. Being a moving party, he assumed the burden of the defense, and employed and paid attorneys for the other defendants as well as for himself. The record shows that he and his attorneys were chiefly instrumental in securing the dissolution of the injunction; and therefore we think the plaintiff is entitled to recover reasonable attorney's fees for defending against, and procuring the dissolution of, the injunction. The amount of the recovery, however, cannot be determined from the record. The plaintiff cannot be awarded damages for counsel fees incurred generally in the case and not connected with the injunction feature; and in view of the release of the defendants in the injunction proceeding, other than Mulvane, we think there can be no recovery for the services of attorneys provided in behalf of those defendants.

As the statement of facts shows, the complainants in the injunction proceeding dismissed their appeal as to Coffin & Stanton, the Topeka Water Supply Company, and the Topeka Water Company, and withdrew so much of their appeal as sought a specific performance of the contract between the complainants and Mulvane.

3. Plaintiffs not liable for attorney's fees, when.

In consideration of the withdrawal and dismissal, Coffin & Stanton and the Water Companies each agreed

to waive, release, and relinquish any and all rights of action that any of them might have against the plaintiffs on the injunction bond. In the same stipulation it was provided that the release should not affect the rights or remedies of the complainants against Mulvane, nor enlarge or lessen the rights or remedies of Mulvane against the complainants. The stipulation was signed by counsel who had represented Mulvane, and it was filed among the papers in the cause. The defendants released by the complainants, Wescott & Hanson, appeared as distinct parties to the injunction proceeding. They were represented by counsel who filed separate papers in the case as if they had separate interests and distinct rights to protect. If, as some of the testimony tends to show, Mulvane agreed to pay the fees of the attorneys who appeared for his codefendants, there is nothing to show that notice of that fact was brought to the attention of Wescott & Hanson before the release was executed. As will be seen, the releases between the parties were mutual. In consideration of dismissing Coffin & Stanton and the other defendants from the case and discharging them from liability, they agreed to release and relinquish any and all rights of action that they had against Wescott & Hanson on the injunction bond by reason of the issuance of the temporary injunction. In the absence of any notice or knowledge that there had been an assumption of the expenses of counsel fees by Mulvane, or an equitable assignment to him of a claim for damages by reason thereof, Wescott & Hanson had a right to assume that they were relieved from liability for any and every expense incurred, or apparently incurred, by the other parties, in and about the dissolution of the injunction. Apparently, they had an interest in the contract which was the subject of controversy ; apparently, they were real

parties to the suit, as their pleadings and papers indicated; and, apparently, they had employed their own counsel and had paid or assumed to pay them for their services. Nothing in the case, that we have been able to discover, indicated that Mulvane had paid the counsel fees for these parties, or that he was bound or obliged to pay them. The fact that Mulvane had the greater interest, or that he might be liable in damages to Coffin & Stanton in case the contract with them had not been carried out, can hardly be regarded as notice that Mulvane had assumed the liability for the expenses of counsel employed by them. In view of the fact that the stipulation protected the rights of Mulvane, and in view of the counsel who signed the same, as well as the additional fact that it was filed with the papers in the cause, it cannot be said that Mulvane is not affected by the stipulation. He is entitled to recover the fees of the counsel employed by him and whose services were performed in his behalf. Some of the counsel appeared for Mulvane and also for his codefendants. How much of the service was performed in his own behalf and how much for his codefendants, the record does not disclose. There is no basis therefore to determine to what extent the release operates, nor the amount of damages recoverable by Mulvane for attorneys' services performed in his own behalf. For that reason no judgment can be entered upon the findings of the court, and hence for the settlement of these questions of fact another trial must be had. It is also claimed that the court should have allowed the expenses of D. W. Mulvane, amounting to $448, on trips to New York to procure assistance to get rid of the injunction. If the expense was reasonably necessary, it is recoverable. The testimony on that question is in the nature of conclusions and is not entirely satisfactory. The court, in its findings, appears

to have disallowed the bill, and hence upon the testimony before us we cannot say that it should be allowed. The matter will be open for consideration in another trial of the cause, when there may be a fuller development of the facts concerning the necessity of the expenditure. The trial court held that there had been, before the commencement of the case, a final determination as to whether the injunction had been unlawfully issued, and, as there is no cross-petition in error, that question must be treated as settled, so far as the present case is concerned. The error of the court, however, in holding that the plaintiff was not entitled to recover attorney's fees, requires a reversal of the judgment and a new trial of the cause.