ANNA HUGHAN *et al.* v. HOWARD GRIMES *et al.*

No. 11,695.  (62 Pac. 326.)

1. STAY BOND—*Liability of Obligors—Will Contest.*  In a proceeding in error brought to reverse a judgment vacating a will, an order of stay was granted by the supreme court, effective upon the giving of a bond conditioned that the plaintiff in error would pay all damages sustained by reason of the order if the judgment should be affirmed.  After the affirmance an action was brought on the bond.  *Held,* that the obligors on the bond were liable for loss actually sustained by the successful parties by reason of their being prevented from taking possession and exercising acts of ownership over the real property to which they were entitled under the judgment.

2. ———— *Elements of Damage—Waste.*  The waste of the property by reason of neglect and decay while the stay was in force was properly included as an item of damages.

3. ———— *Depreciation in Value—Attorneys' Fees.*  In such case the shrinkage in value of the real estate from causes other than physical is not an element of damages recoverable on the bond, nor are the fees for the services of counsel rendered in securing an affirmance of the judgment in the supreme court.

4. ———— *Interest.*  The claim of plaintiff for interest on the damages for waste was properly disallowed by the trial court.

Error from Atchison district court; W. T. BLAND, judge.  Opinion filed October 6, 1900.  Affirmed.

*W. W. & W. F. Guthrie,* for plaintiffs in error.

*B. F. Hudson, C. D. Walker,* and *J. L. Berry,* for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J. : This is another controversy which has grown out of the contest of the Grimes will and of the settlement of the Grimes estate.  The history of the litigation has been stated in the reports of prior adjudications. (*Hudson v. Hughan,* 56 Kan. 152, 42 Pac.

701; *Hudson v. Barratt*, ante, p. 137, 61 Pac. 737.) When the will was adjudged to be invalid by the district court and the case brought to this court for review, an order staying execution of the judgment and all proceedings in the trial court was asked for and allowed, upon the giving of a bond in the sum of $2000, conditioned that the plaintiff would pay all damages sustained by the defendants by reason of the order, if the judgment should be affirmed. That bond was given, but soon afterward, upon application, the order of stay was amended and modified so

"as to forbid the executor or any of the plaintiffs in error making any allowance or distribution of the estate, and to forbid any further administration of the estate by such executor during the pendency of this cause in this court, it being the intention of the court that nothing further be done by the executor or the plaintiffs in error concerning this estate except to preserve and protect the property and to do what may be necessary for such preservation and protection until the decision of this cause on its merits."

The order was also further modified so as to require the giving of a bond in the sum of $10,000, conditioned

"that the plaintiffs in error will pay to the defendants in error all damages which they may sustain by reason of this restraining order, if the judgment appealed from shall be affirmed."

The bond provided for in this order was given on January 15, 1892, and it is upon this obligation that the present action is brought. The proceeding in which the bond was given remained pending in this court until January 15, 1896, when the judgment of the district court setting aside the will was affirmed. It is alleged that between the giving of the bond and the affirmance of the judgment the contesting parties were kept out of the possession and control of the es-

tate, during which the real property thereof shrunk greatly in actual value from decay and damage from the elements. It was also alleged that during the same time it depreciated in value from other causes, and for two-sevenths of the depreciation they asked judgment. A claim of damages was set up for attorneys' fees in procuring the dissolution of the stay order, and another for the failure to account for the personal estate which had been placed in the hands of the executor. For all these claims, judgment against the parties executing the bonds was asked in the sum of $20,000.

The case was tried before the court without a jury and findings of fact were made, in which it was found that while the stay was in force a part of the real estate depreciated in value from neglect and decay to the extent of $415, two-sevenths of which was awarded to the plaintiffs. It was also found that during the same time some of the real estate shrunk in value from other causes to the extent of $2280, but this shrinkage was not regarded as a liability against the defendants on the bond. There was a further finding that the reasonable value of the services of attorneys in defense of the case in the supreme court, wherein the stay was granted, in securing an affirmance of the judgment avoiding the will, was $1200, but these fees were not held to be an element of damages recoverable on the bond. The plaintiffs were awarded judgment for two-sevenths of the $415, amounting to $118.57, and they are here insisting that they were entitled to a much larger amount, under the findings of the court, while the defendants also complain of the award that was made against them.

The defendants were liable for all damages which were the direct and immediate result of the stay order.

By reason of that order the plaintiffs' rights to enforce the judgment setting aside the will and to proceed to acquire possession of their respective shares of the estate of Susan Grimes were suspended.  The natural and proximate result of such suspension—that is, the loss actually sustained by being prevented from exercising acts of ownership over the real property then held by the executor, and being kept out of possession of the same—may be recovered.  The bond was prospective only, and did not cover any past delinquencies or defaults.  When it was executed and approved the personal estate had been disposed of by the executor, and therefore no liability could be asserted against the sureties on account of the disposition that may have been made of the personal estate.  In measuring the damages to the remaining estate, we think the waste by reason of neglect and decay was properly included.  The stay order in terms required the executor, Hudson, to preserve and protect the estate until the decision of the cause on its merits, and the bond was given in pursuance of the order. The failure to preserve and protect the real estate was clearly a breach of the conditions of the bond, and the waste directly resulting from the stay is a liability against the obligors of the bond.

The defendants contend, in a cross-petition in error, that this and other items of damages were included in and determined by a partition suit between the same parties, which was begun after the affirmance of the judgment avoiding the will.  Some of the circumstances disclosed strongly indicate that the judgment in partition was intended as a complete settlement of all claims and controversies between the parties, but the trial court did not in terms find that such was the fact, nor that the plaintiffs understood that the

damages resulting from the stay were included. The testimony upon which the findings are based is not in the record, and therefore the absence of a finding that the matter of damages was actually submitted and determined in that action, together with the fact that damages for waste were awarded the plaintiffs, leaves no basis for defendants' contention. They do argue that the plaintiffs should have set up the claim in the partition suit and are as much concluded by the judgment as though it had been specifically alleged in the pleadings and expressly determined in the judgment. The damages, however, were not a lien upon the land, but arose from a step taken in another litigation. They had accrued, and constituted a distinct liability against defendants before the partition suit had commenced, and, in the absence of an intentional submission of this separate liability, they were not necessarily determined in that action.

Plaintiffs next contend that the shrinkage in value of the real estate other than physical depreciation is an element of damages recoverable on the bond. The fluctuations in the value of the real estate were immaterial to the plaintiffs unless it was or would have been placed on the market while the stay was in force. It does not appear that a sale was contemplated, nor that the plaintiffs did not intend to hold their shares of the property indefinitely. Instead of taking steps to facilitate the sale, the plaintiffs were instrumental in procuring a modification of the stay order so as to prevent a disposition of the property during the pendency of the proceeding in which the stay was given. At their instance the executor was required to hold, protect and preserve the property while the stay was in force, and it would seem that they were not in a position to complain that the property was not sold

nor to claim anything by reason of changing values. If the order had directly enjoined an attempted sale, the depreciation in value might be treated as recoverable damage, but the order in question did not arrest a pending or contemplated sale, and hence the change of values cannot form a basis of recovery on the bond.

The plaintiffs were deprived of the value of the use of their property, and in one count of their petition they claim damages to the amount of $4000 for the loss of such use. No allowance was made by the court for the value of the use, if it had any value, and counsel for plaintiffs in error in their briefs state that they claim nothing on that score, and that no error is insisted on for the failure to allow damages for such use.

No error was committed in refusing to include the value of the services of attorneys in the damages awarded. Counsel fees are allowed in procuring the dissolution of an injunction, but in such cases allowance is only made for the services necessarily incurred in getting rid of the injunction itself. No liability is incurred on the bond in defending the action generally, where the dissolution of the injunction is only incidental to the result. (*Mulvane v. Tullock*, 58 Kan. 622, 50 Pac. 897; High, Inj., 3d ed., § 1688.) The services for which fees are claimed were rendered by counsel in the main case and in securing an affirmance of the judgment of the trial court. It does not appear that any motion was ever made or argued to set aside the stay, and so far as can be seen the stay order stood without attack until dissolved by virtue of the judgment of affirmance in the will case. Again, the stay is not to be treated as an injunction. (*Rhodes v. Craig*, 21 Cal. 419; *Avery v. Superior Court*, 57 Cal. 247.) And, indeed, this court, which granted the

stay, has no original jurisdiction to grant an injunction. Not being regarded as an order of injunction, counsel fees are not allowable.

Another ground of recovery which was alleged was that there had been a failure to account for the personal estate, and that plaintiffs had been kept out of their shares of such estate. No final accounting has yet been had with the executor, and, as held in *Hudson v. Barratt*, ante, p. 137, 61 Pac. 737, an accounting must be had in the probate court, and for any loss that may have been suffered the plaintiffs must look to the executor's bond. In no event can there be any recovery on the bond in suit for the personal estate, as that appears to have been disposed of before the bond in question was given.

The claim for interest on the $118.57 awarded to the plaintiffs cannot be allowed. These damages were unliquidated and uncertain until the determination of the same by the trial court, and the general rule is that interest is not allowed on unliquidated damages or demands.

The judgment of the district court will be affirmed.