No. 481

First Circuit

**DAVIS v. POITEVENT & FAVRE LBR. CO.**

(October 10, 1929. Opinion and Decree.)

Henry L. Garland, of New Orleans, attorney for plaintiff, appellant.

Spencer, Gidiere, Phelps & Dunbar, of New Orleans, Harvey E. Ellis, of Covington, and R. D. Jones, of Franklinton, attorneys for defendant, appellee.

ELLIOTT, J.  John E. Davis, plaintiff, instituted a suit against Poitevent & Favre Lumber Company, defendant, in the district court of the parish of St. Tammany, for the purpose of recovering of the said defendant damages alleged to have been sustained as the result of an injunction suit brought against him by the defendant in the United States District Court for the Eastern District of Louisiana.

Defendant excepted to plaintiff's demand on the ground that his petition was vague and indefinite and did not set forth a cause or right of action against it.  The court sustained the exception of vagueness on May 16, 1928, but granted plaintiff the right, until the first day of the June term of court, to amend his petition.  The exception of no cause of action was at the same time and by the same ruling taken under advisement, to be acted on on the first day of the June term.

On June 11, 1928, plaintiff presented to the court an amended and supplemental petition in the suit.  The court signed an order on the same day,  directing that it be filed and served on the defendant.  Defendant accepted service, waived citation, and it was filed on the same day.  This amended and supplemental petition, at least in the main, not only supplied the averments on which the exception of vagueness was based, but at the same time and in the same way and by documents annexed to, made part of and filed therewith, supplied facts which bore on the exception of no cause or right of action, leaving only the legal question whether the averments contained in the original, amended, and supplemental petition and documents annexed, constituted sufficient cause or right of action under the law.

There appears to have been no court held in June.  At any rate, the court did not act on the exception of no cause or right of action until January 14, 1929, about six months after it had been filed.  We do not find any objection urged to the amended and supplemental petition; consequently, we assume that it was timely filed and constituted part of plaintiff's pleadings at the time the court ruled on the exception of no cause or right of action and dismissed the suit.

It does not appear from the minutes of the court nor from the judgment itself, which was signed on January 16, 1929, that the amended and supplemental petition was taken into account in acting on the exception.  It would likely have been mentioned if it had, because of the averments which it contains, and of the documents which were annexed, made part of and filed therewith.

The plaintiff states in his brief that the lower court did not have the amended and supplemental petition before him nor in mind at the time of ruling on the exception of no cause or right of action.  He states that the deputy clerk of court had misplaced it and did not put it in the record where it belonged.  The defendant admits as much in its brief.  It says that the district judge did not see nor have before him the amended and supplemental petition, and the documents thereto annexed at the time of ruling on the exception of no cause or right of action; that the same had been mislaid by the clerk of court and was not brought to his attention.  It appears plain that such was the case, and that it was not due to the fault of the plaintiff.  The court had signed an order on June 11, 1928, directing that it be filed and served on the defendant, which was some six months previous; but we are satisfied that in ruling, due to the reason stated, it was not taken into account.

Taking cognizance of the amended and supplemental petition and its averments, the documents annexed thereto and filed therewith, the order signed by the judge directing that it be filed and served on the defendants, defendants' acceptance of service and waiver of citation, and the fact that it was evidently not considered nor acted on by the court in ruling on the exception, our judgment under the present situation would not be a review of the case as it existed, resulting from the amended and supplemental petition.

The amended and supplemental petition with documents annexed supplies very important facts, which, taken in connection with the original petition, the legal situation is not the same as it was before the amended and supplemental petition was filed. As the lower court did not act on the amended and supplemental petition, he did not act on the case as it existed at the time he dismissed the suit. As far as the lower court was concerned, it was an oversight but it necessitates setting aside the judgment appealed from and remanding the case.

We go no further than to set the judgment aside and remand the case, in order that the lower court may act on the amended and supplemental petition and the documents annexed and filed therewith.

For these reasons the judgment appealed from is annulled, avoided, and set aside, and the case is now remanded to the lower court for the purpose stated.

Defendant and appellee to pay the cost of appeal.