No. 761

First Circuit

DAVIS v. POITEVANT & FAVRE LBR. CO.

(March 3, 1931. Opinion and Decree.)

Hy. L. Garland, of New Orleans, attorney for plaintiff, appellant.

Spencer, Gidiere, Phelps & Dunbar, of New Orleans, and Harvey E. Ellis, of Covington, attorneys for defendant, appellee.

MOUTON, J. This suit was filed in April, 1928, and this is the second appeal taken therein to this court.

Exceptions of vagueness and no cause of action were filed in the original suit. The exception of vagueness was sustained on May 16, 1928, but the court, at the same time, granted plaintiff the right, until the first day of June, to amend his petition.

Plaintiff then filed an amended and supplemental petition as he was permitted to do under the order of the court. Though this supplemental petition had been filed, the court without acting upon the origi-

nal petition as amended, and inadvertently, dismissed plaintiff's suit under the exception of no cause of action. We found, Davis v. Poitevent & Favre Lbr. Co., 11 La. App. 496, 124 So. 167, that the allegations in the amended petition with the documents annexed thereto had supplied important allegations of fact lacking in the original petition, and remanded the case in order that the lower court might pass on the supplemental petition and documents thereto attached.

After the case was remanded, defendant filed a similar exception of vagueness, and one of no cause of action on the averment that the amended petition disclosed no cause of action.

The district judge rendered judgment maintaining these exceptions, from which plaintiff prosecutes this appeal.

The record shows, as it was alleged in plaintiff's original petition filed in April, 1928, that Poitevant & Favre Lumber Company, plaintiff in injunction, had, under a bill of equity, filed in the federal court for the Eastern District of Louisiana, obtained a writ of injunction prohibiting plaintiff in this suit from entering upon certain lands described in the complaint of the Poitevant & Favre Lumber Company.

Plaintiff alleged in his original petition that he had obtained from the Pearl River Manufacturing Company, owned in larger part by the estate of W. W. Downing of Alabama, the real owners of the land, a license to cut timber thereon, and to haul away certain logs which he was selling under contract to the Pearl River Veneer Company, which has been made a co-defendant with plaintiff here in the bill of complaint.

In that petition, the first one, plaintiff alleges that the injunction had been dis-

solved and the bill of complaint had been finally dismissed on April 28, 1927, by Judge Burns of the United States District Court. He avers that to obtain that relief he incurred expenses for field notes and plats, for copies of acts of sale, counsel fees, loss of profits under his contract with the Pearl River Veneer Company, for loss of logs which had been cut in the swamp and had rotted because of the injunction prohibiting their removal, etc. These expenses, he alleges, amounted to $2,463, and for which amount he is claiming damages against the Poitevant & Favre Lumber Company.

In a second petition plaintiff alleges that by the effect of the injunction his logging contract had to be abandoned, that his teams and working forces were broken up, and that he could have easily made a profit of $2,000 if his operations had not been suspended by the injunction, and in support of that claim he specifies the different items of expenses and profits upon which he grounds that part of his demand. He further claims $108 for the value of logs he avers were left on the land and rotted there because of the prohibition to remove them under the writ.

It may be that plaintiff's original petition was defective for lack of essential averments, but taken, as it must be, in connection with his second petition, his cause of action is fully and clearly set out.

The fact is that counsel for defendant in their second brief filed here admit that some of the objections of vagueness of which defendant complained had been met in plaintiff's supplemental petition. We take it that learned counsel do not insist on the contention that no cause of action had been finally disclosed by plaintiff, the contention being now that plaintiff has "not changed the issue as made by his original petition."

It is proper to state here that plaintiff has entered a remittitur of $500 on the amount claimed, thus investing us with jurisdiction in the case.

In the original brief of counsel for defendant the contention is made that the documents annexed to his petition constituted as it is argued by counsel, the controlling factors in his pleadings, and that it appeared therefrom that the injunction of the Poitevant Lumber Company had been in effect from July 12, 1921, to July 15, 1921, that is, for three days only. This contention might apply to the restraining order issued in the case, but not to the injunction which was granted by Judge Foster, September 19, 1921, and was dissolved with the dismissal of the bill of complaint by Judge Burns, March 17, 1927.

We refer to the above, because defendant's counsel, arguing on the assumption that the injunction had been effective for only three days, claim for that reason that plaintiff could not possibly have suffered any damages on the items of his demand. Even if the damages suffered had been incurred in that short period of time, and had been only nominal in character, plaintiff would however have had a cause of action and the issue on the question of damages, whatever the amount might be, would have been a matter of defense on the merits.

The documents upon which plaintiff grounded his second petition show that the injunction had not been in effect for only three days, but had been effective against defendant from July, 1921, to December, 1927, during a period exceeding five years

660

when the writ was dissolved and the case was dismissed.

Hence, there is no merit on that contention of defendant.

The bond furnished by the Poitevant Lumber Company in the federal court was for $1,000.

In this suit plaintiff is claiming $1,963, being for a sum of $963 in excess of the amount fixed in the bond.

Counsel for defendants cite Meyers v. Block, 120 U. S. 206, 7 S. Ct. 525, 30 L. Ed. 642, where it was held that in the United States court defendant in injunction can recover only on the bond, and when there is no bond no damages at all can be recovered.

Reasoning from the rule thus enunciated, counsel for defendant contend that plaintiff's only course of action was to sue the defendant company directly on the injunction bond, and had to limit the amount sued for to the amount of the bond.

No doubt plaintiff could have sued defendant in our state courts on the bond, and for damages allowed under our laws and not recoverable in the federal courts. It was so held in Aiken v. Leathers, 37 La. Ann. 482; Aiken v. Leathers, 40 La. Ann. 23, 3 So. 357.

The bond given in the federal court is similar in its provisions with the bond for an injunction required under article 304, Code Prac. Under such a bond the obligation is solidary. Parham v. Cobb, 7 La. Ann. 157.

When the obligation is in solido, the creditor may sue any one of the debtors he pleases. Civ. Code, art. 2094; Rush v. Town of Farmerville, 156 La. 857, 101 So.

243; Cusimano v. Ferrara, 170 La. 1044, 129 So. 630.

Plaintiff could therefore have sued either defendant company or his surety on the bond.

He is not, however, bringing his action on the bond. His claim exceeds the maximum amount of the bond, and is for the damages he claims were caused by the effects of the injunction.

By the law of Louisiana, damages may be recovered for suing out an injunction without just cause, independently of a bond. Florance v. Nixon, 3 La. 291; Aiken v. Leathers, 40 La. Ann. 23, 3 So. 357; and so recognized in Meyers v. Block, 120 U. S. 206, 7 S. Ct. 525, 30 L. Ed. 642, as appears from excerpt in defendant's brief.

As plaintiff has the right to sue independently of a bond in suits of this character, we cannot see why he should be precluded from asking for all of his alleged damages though they are for more than the amount of the bond. To say otherwise would be virtually to hold that the plaintiff in injunction in the federal court has, by furnishing a bond for a determined amount, cut off plaintiff in this suit from claiming all the damages and beyond the amount of the bond, which might have been inflicted on him as the result of an injunction obtained without cause, and dissolved more than five years after its issuance. The law, as we understand it, does not support such a contention.

We hold that plaintiff's petitions disclose a cause of action, and that he had a right to demand the amount claimed, and was not restricted to an action on the bond and limited to the amount therein fixed.

The court below merely maintained the exceptions and obviously did not pass on the merits.

It is therefore ordered, adjudged and decreed that the judgment be annulled and reversed, and that this case be and is hereby remanded for trial on the merits, and that it be proceeded with according to law; appellee to pay the costs of this appeal, the cost below to await the decision of the case.