DAUKSCH, Judge.
This is an appeal from an interlocutory order denying motion for change of venue. It is a proper appeal under Florida Rule of Appellate Procedure 9.130(a)(3)(A).
Section 47.011, Florida Statutes (1977)[1] is the statute governing venue; that is, in which county one properly files a lawsuit. In this action the plaintiff (appellee) has its *944 principal place of business, thus' resides, in Okeechobee County. The defendant Proctor is a resident of Marion County and the appellant INA is in the suit as a surety for Proctor on a bond issued in Marion County.
This is a lawsuit alleging a tort so there is no property involved. The suit is generally about an alleged wrongful injunction obtained by appellant against the Sheriff of Marion County preventing an execution sale which sale was to be held in order to satisfy a debt owed the appellee by a third party. Because the debt was reduced to judgment in Okeechobee County and post judgment orders were entered in that county the appellee maintains the venue properly lies in that county and appellee maintains that position even though the alleged wrong he complains of occurred in Marion County. We cannot agree with appellee and must reverse the order and remand to the trial court to require transfer of this cause to Marion County, in the Fifth Judicial Circuit for any further proceedings. Gaboury v. Flagler Hospital, Inc., 316 So.2d 642 (Fla. 4th DCA 1975); Coggin Pontiac, Inc. v. Putnam Auto Sales, Inc., 278 So.2d 647 (Fla. 1st DCA 1973).
REVERSED and REMANDED.
ANSTEAD and BERANEK, JJ., concur.

. Section 47.011, Florida Statutes (1977):
Where actions may be begun. Actions shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located. This section shall not apply to actions against nonresidents.