LEHAN, Judge.
Parker Tampa Two, Inc. appeals from a final judgment awarding Parker $10,000 against the $10,000 bond which had been posted by appellee, Somerset Development Corporation, when Somerset obtained a temporary injunction. The final judgment resulted from Parker’s claim against Somerset for wrongfully obtaining the injunction. Parker contends that the final judgment should not have been limited to the amount of the bond. We affirm.
Somerset, citing Lane v. Clein, 151 So.2d 677, 678 (Fla. 3d DCA 1963), contends that the amount of damages for wrongfully obtaining an injunction is limited to the amount of the bond when the conduct by which the injunction was obtained was “wrongful, but [in] good faith.” Somerset contends that the trial court implicitly found good faith on the basis of sufficient evidence in that regard. We agree with these contentions. See Lane.
We recognize that there does not appear to be any Florida case directly in point and that there is a split of authority among other jurisdictions. See Annotation, Recovery of Damages Resulting From Wrongful Issuance of Injunction as Limited to Amount of Bond, 30 A.L.R. 4th 273 (1984). In favor of limiting the recovery to the amount of the injunction bond under circumstances like those in this case, which appears to be the majority view, see id., are arguments that the wrongful issuance of an injunction results from erroneous action of a court for which there should be no recovery, that to permit recovery over and above the amount of the bond would have the effect of deterring the issuance of injunctions which would be undesirable public policy, and that the restrained party can protect itself by applying for an increased bond. See id. at 275, 276, 280. In opposi *503 tion to so limiting the recovery are arguments that an application for a temporary injunction is (as was the case here with respect to Parker) frequently heard without the participation of the party restrained thereby (although in this case Hillsborough County which was directly affected by the injunction did so participate) and the party obtaining the injunction should not under those circumstances be permitted to influence a limitation upon the amount of damages to which it may be exposed. See id. at 283. Although we are following the majority view, we recognize that the argument on the other side is persuasive. We certify to the Florida Supreme Court the following question as being of great public importance:
ARE THE DAMAGES WHICH ARE RECOVERABLE FOR WRONGFULLY OBTAINING AN INJUNCTION LIMITED TO THE AMOUNT OF THE INJUNCTION BOND?
Somerset cross-appeals from the final judgment, contending that there was insufficient evidence to show either wrongful issuance of the injunction or that any damages allegedly suffered by Parker were caused by the injunction. We disagree. Since an appellate court is not to reweigh sufficient evidence, see Tsavaris v. NCNB National Bank of Florida, 497 So. 2d 1338 (Fla. 2d DCA 1986), we affirm on this point.
Somerset further contends that since Parker was not by name enjoined, Parker has no cause of action for wrongful issuance of the injunction. However, the condition of the bond was that Somerset pay all costs and damages suffered by “any party who may be found to be wrongfully restrained thereby.” See also 42 Am. Jur.2d Injunctions § 384 (1969); 43A C.J. S. Injunction § 322 (1978).
Affirmed.
RYDER, A.C.J., and SCHOONOVER, J., concur.