544 So.2d 1018 (1989)
PARKER TAMPA TWO, INC., Petitioner, Cross-Respondent,
v.
SOMERSET DEVELOPMENT CORPORATION, Respondent, Cross-Petitioner.
No. 72295.
Supreme Court of Florida.
June 1, 1989.
*1019 John H. Rains, III of Annis, Mitchell, Cockey, Edwards & Toehn, P.A., Tampa, for petitioner, cross-respondent.
Samuel R. Mandelbaum of Smith & Williams, P.A., Tampa, for respondent, cross-petitioner.
Glen Rafkin and Andrew S. Berman of Young, Stern & Tannenbaum, P.A., North Miami Beach, amicus curiae, for Donald Soffer, Aventura Country Club, Eberhart Linke, Robert James and Darlene Marten.
Arthur J. England, Jr. of Fine, Jacobson, Schwartz, Nash, Block & England, Miami, amicus curiae, for Centrust Sav. Bank.
SHAW, Justice.
We have for review Parker Tampa Two, Inc. v. Somerset Development Corp., 522 So.2d 502, 503 (Fla. 2d DCA 1988), to answer the following certified question:
ARE THE DAMAGES WHICH ARE RECOVERABLE FOR WRONGFULLY OBTAINING AN INJUNCTION LIMITED TO THE AMOUNT OF THE INJUNCTION BOND?
We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We answer the question in the affirmative and approve the district court decision.
Somerset Development Corporation (Somerset) filed a complaint against Hillsborough County seeking injunctive relief based upon the county's alleged breach of a sewer connection agreement whereby the county guaranteed that a certain number of sewer connections for Somerset's projects would be held available at the River Oaks Wastewater Treatment Plant. According to the complaint, the county denied Somerset's requests for sewer connections because it had granted service to so many third parties that the treatment plant was "experiencing intermittent capacity problems." After obtaining an answer from the county and conducting an evidentiary hearing, the trial court attempted to restrict additional third-party connections to River Oaks by issuing a temporary injunction which prohibited the county from issuing building permits to any applicant that held an unused sewer permit for the plant. Somerset, which was exempted from the prohibition, posted a $10,000 injunction bond.
Parker Tampa Two, Inc. (Parker), which was in the process of constructing a residential development, held unused sewer permits for River Oaks and was denied building permits under the injunction. Parker filed a motion to intervene in Somerset's suit against the county and a motion to increase the bond, both of which were denied following a hearing. The court subsequently granted Parker's second motion to intervene. At the hearing on the motion, Roger Stewart, director of the county commission that issues the sewer permits, testified that because the River Oaks treatment plant was then operating over capacity, no developer under any circumstances would be issued a sewer permit:

*1020 Q. If a developer went to the Hillsborough County Environmental Protection Commission and asked for a general permit to hook into that plant today, would you grant that permit?
A. It would not be technically grantable because the facility is not meeting the standards required of sewage treatment plants.
Q. Is that because there's no capacity there?
A. There is no capacity. It's in violation of several standards by which sewage treatment plants are evaluated.
Q. If a developer came to you with this factual situation and said that we have obtained a temporary, not a final injunction but a temporary injunction against developers who have permits that are not connected to the River Oaks Plant, would you, based on the capacity of the plant today, grant that developer a general permit?
... .
A. Would I grant one in the case today of River Oaks?
Q. Yes, sir.
A. No.
Parker filed a cross-claim against Somerset alleging wrongful injunction. Several weeks later, the court dissolved the injunction based on Stewart's earlier testimony. The court granted partial summary judgment in favor of Somerset on the cross-claim, limiting the amount Parker could recover to the $10,000 bond. After Somerset stipulated that Parker's damages exceeded $10,000, the court issued final judgment in favor of Parker in the amount of the bond. Parker appealed; Somerset cross-appealed. The DCA affirmed, certifying the above question. Parker sought review before this Court and Somerset cross-petitioned.
Parker contends that its damages should not be limited to the bond amount. It asserts that to do so is to deny it due process since it had no opportunity to contest the amount. It claims that the amount of such bonds is largely guesswork and that it would be unfair to limit recovery to such a speculative amount. This issue has been addressed by numerous courts throughout the country. See Annotation, Recovery of Damages Resulting From Wrongful Issuance of Injunction as Limited to Amount of Bond, 30 A.L.R. 4th 273 (1984). The minority view, which is followed in five states,[1] holds that liability is not limited to the amount of the bond since the amount is often set in an ex parte proceeding and is at best a court estimate based upon opinion or ex parte representations. The majority view, on the other hand, limits liability to the bond amount and is followed in the overwhelming majority of states and by the federal courts.[2] Under both the majority and minority views, the bond amount does not serve as a limit where the injunction is obtained maliciously or in bad faith.
In Florida, injunction bonds are addressed by Florida Rule of Civil Procedure 1.610 and section 60.07, Florida Statutes (1987). Rule 1.610 provides:
(b) Bond. No temporary injunction shall be entered unless a bond is given by the movant in an amount the court deems proper, conditioned for the payment of costs and damages sustained by the adverse party if the adverse party is wrongfully enjoined. When any injunction is issued on the pleading of a municipality or the state or any officer, agency, or political subdivision thereof, the court may require or dispense with a bond, with or without surety, and conditioned in the same manner, having due regard for the public interest. No bond shall be required for issuance of a temporary injunction *1021 issued solely to prevent physical injury or abuse of a natural person.
Section 60.07 provides:
60.07 Assessment of damages after dissolution.  In injunction actions, on dissolution, the court may hear evidence and assess damages to which a defendant may be entitled under any injunction bond, eliminating the necessity for an action on the injunction bond if no party has requested a jury trial on damages.
Though the rule and statute are silent as to whether liability is limited to the bond amount, two state district courts have addressed the issue and both have followed the majority view. City Nat'l Bank v. Centrust Savings Bank, 530 So.2d 317 (Fla. 3d DCA 1988); Parker Tampa Two. We too adopt the majority view and limit liability to the bond amount where the injunction is obtained in good faith.
When a court initially sets an injunction bond, this constitutes the court's determination of foreseeable damages based on the good faith representations that are before it. Fla.R.Civ.P. 1.610(b). Should this amount prove insufficient or excessive, an affected party is free to move for modification. A court order denying a motion to modify is directly appealable. Fla.R. App.P. 9.130(a)(3)(B) ("Review of nonfinal orders of lower tribunals is limited to those which ... refuse to modify or dissolve injunctions... ."). See, e.g., Minimatic Components, Inc. v. Westinghouse Elec. Corp., 494 So.2d 303 (Fla. 4th DCA 1986). Limiting liability to bond amount thus provides an orderly step-by-step procedure whereby all parties can be continually apprised of the consequences of their actions. To hold the obtaining party fully liable would in many cases expose the party to potentially staggering consequential damages difficult or impossible to project.[3] The public policy encouraging fair access to the courts for those who are in good faith pursuit of their equitable rights must be protected from the deterrent certain to be posed by unknown liability for mistake. Tracy v. Capozzi, 98 Nev. 120, 125, 642 P.2d 591, 595 (1982).
Limiting liability to the bond amount can also be viewed as an equitable way of apportioning liability between the two entities generally at fault in the issuance of a wrongful injunction, i.e., the obtaining party and the court. The obtaining party often is at fault for asking the court to act hastily, requiring it to dispense with normal procedural safeguards. The court, on the other hand, at times simply misreads or misapplies the law independent of any time constraint imposed upon it by the obtaining party. Limiting liability to the bond amount strikes a median between holding the court fully liable (in which case no recovery could be had), and holding the obtaining party fully liable. Cf. United Motors Serv. Inc. v. Tropic-Aire, Inc., 57 F.2d 479 (8th Cir.1932) (wrongfully issued injunction is court error for which no recovery is available).
Parker contends that its recovery should not be limited to the bond amount because it was given no notice of, or opportunity to participate in, the proceeding in which the bond was set. We disagree. The county, as a named party under the injunction, did participate in the proceeding, and later, on behalf of Parker, did move the court to increase the bond. Parker itself, subsequent to the initial bond proceeding, also moved to increase the bond amount and did participate in the injunction action as a party. We find that Parker had ample opportunity to participate in the setting of the bond via its right to move for an increase in the amount.
On cross-petition, Somerset alleges that the injunction was not wrongfully issued, arguing that mere dissolution of an injunction does not mean that it was wrongful and that in the instant case the injunction was dissolved because it had become moot, not because it had been wrongfully issued. We disagree. The standard for determining whether an injunction was wrongfully issued is simply whether the petitioning party was unentitled to injunctive *1022 relief. See National Surety Co. v. Willys-Overland, Inc., 103 Fla. 738, 138 So. 24 (1931); Sewell v. Huffstetler, 83 Fla. 629, 93 So. 162 (1922); Braun v. Intercontinental Bank, 452 So.2d 998 (Fla. 3d DCA 1984), review denied, 462 So.2d 1106 (Fla. 1985); Tracy. In the instant case, sufficient evidence exists to support the trial court's finding that the injunction should not have been issued.
Somerset alleges that Parker was unentitled to recovery under the bond because it was not an expressly enjoined party. We disagree. Liability under an injunction bond generally is set by the terms of the bond, not by the provisions of the injunction. Sewell, 83 Fla. at 642, 93 So. at 162 ("The liability of the obligors is determined by the terms of the bond alone and not by the order."); Rice v. White, 147 So.2d 204, 208 (Fla. 1st DCA 1962) ("liability of the obligors is determined by the bond and not by the court order."). See Hall v. Hanford, 66 So.2d 474 (Fla. 1953). Parker was a party to the action, and the bond under which its wrongful injunction cross-claim was brought expressly provided that the surety's obligation under the bond extended to all "defendants." Though Parker, in fact, was a party-plaintiff, not a defendant, this circumstance was entirely fortuitous. Parker had initially sought to intervene as a defendant, but was allowed to intervene as a plaintiff purely for the court's convenience, as noted in a subsequent court order:
Parker Tampa Two originally moved to intervene in this cause January 10, 1986. That motion as well as Parker Tampa Two, Inc.'s Second Motion to Intervene moved the Court to allow it to intervene as a party Defendant in the case. However, for purposes of convenience, the Court ordered that Parker Tampa Two, Inc. intervene as a party Plaintiff.
To prevent recovery based on this technicality, especially when Somerset has noted that it essentially filled in the blanks on a standardized bond form, would be to exalt form over substance.
Based on the foregoing, we answer the certified question in the affirmative and approve the district court decision.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, BARKETT and GRIMES, JJ., concur.
KOGAN, J., concurs in part and dissents in part with an opinion.
KOGAN, Justice, concurring in part and dissenting in part.
I concur that the cross-petition filed by Somerset has no merit, but I dissent from the affirmative answer to the certified question and to the approval of the district court decision. I would answer the certified question in the negative and disapprove the district court opinion as it relates to the certified question.
NOTES
[1] See Smith v. Coronado Foothills Estates Homeowners Ass'n, 117 Ariz. 171, 571 P.2d 668 (1977); Howard D. Johnson Co. v. Parkside Dev. Corp., 169 Ind. App. 379, 348 N.E.2d 656 (1976); Davis v. Poitevant & Favre Lumber Co., 15 La. App. 657, 132 So. 790 (1931); Miller Surfacing Co. v. Bridgers, 269 S.W. 838 (Tex.Civ.App. 1924); Houghton v. Grimes, 103 Vt. 54, 151 A. 642 (1930).
[2] See Annotation, Recovery of Damages Resulting From Wrongful Issuance of Injunction as Limited to Amount of Bond, 30 A.L.R. 4th 273 (1984).
[3] All parties agree that, regardless of whether the liability of the party seeking the injunction is limited to bond amount, the bond surety's liability is so limited.