PER CURIAM.
We affirm a mandatory temporary injunction requiring the appellant to cash and place the proceeds of letters of credit into the court registry. We reject the claim that appellee failed to establish irreparable injury since seven days following entry of the injunction, the letters of credit would have expired on their own terms. We also reject the claim that Socie-dad Financiera Cash, S.A. was an indispensable party because under the circumstances Sociedad was at most a necessary party. We nonetheless agree with appellant that the trial court erred in not requiring the appellee, as successful movant for the injunction, to post a bond in accordance with the provisions of Florida Rule of Civil Procedure 1.610(b). The decision in Parker Tampa Two, Inc. v. Somerset Dev. Corp., 544 So.2d 1018 (Fla.1989), which the trial court did not have the benefit of at the time of the entry of the injunction, holds that damages for the improvident issuance of an injunction are limited to the amount of the injunction bond. For this reason, upon issuance of our mandate, the trial court is directed to require the movants to post a reasonable bond retroactive to the date of the entry of the temporary injunction.
Affirmed in part, reversed in part, and remanded.