FLETCHER, Judge.
This is an appeal of a non-final order denying appellants Eldridge E. Bravo, Jr. and George A. Knutsson’s motion to dismiss or transfer venue. We have jurisdiction under rule 9.130(a)(3)(A), Florida Rules of Appellate Procedure.
Appellee Mildred Rodriguez filed the instant action against Bravo and Knutsson, individually, to enforce a final judgment for monetary damages she obtained in a previous action against Sundance Carriage Corp., *253 d/b/a Dollar Rent-A-Car of Florida (“Sun-dance”). The complaint involved in this appeal alleges that the judgment was based upon a lease of an automobile by Sundance to one of its customers who then had an automobile accident with Rodriguez. The rental and the accident occurred in Dade County, where the judgment was subsequently entered. In her effort to enforce the judgment against the individuals, Rodriguez alleges that it is uncollectible against Sundance. Essentially, she is attempting to pierce the corporate veil of Sundance so as to make Bravo and Knutsson, alleged to be the sole officers and directors of Sundance, liable individually.
The rub here, however, is that Bravo and Knutsson appear to be residents of Pinellas County, and, on this basis, they have moved for dismissal or transfer of venue. They rely on section 47.011, Florida Statutes (1995), which provides that “[ajctions shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located.”
Rodriguez responds that the “underlying cause of action,” which she describes as being the automobile rental, the collision, and the entry of judgment against Sundance, took place in Dade County. As a consequence, she contends, the present cause against the Sundance officers and directors accrued in Dade County and her choice of venue is proper pursuant to section 47.011. We disagree.
Rodriguez’ prior cause, resulting from the accident in Dade County, terminated in the entry of judgment. The cause she now is pursuing is a new one, seeking compensation (in the form of payment of the Sundance judgment) essentially for allegedly fraudulent conduct on the part of Bravo and Knuts-son. The venue inquiry thus relates to this new cause, not the prior one. See Home Ins. Co. v. Thomas Indus., 896 F.2d 1352 (11th Cir.1990); Proctor v. Commercial Bank of Okeechobee, 373 So.2d 943 (Fla. 4th DCA 1979).
As in Cameron v. Smith New Court, Inc., 608 So.2d 923 (Fla. 3d DCA 1992), we are not prepared at this time to hold that the trial court abused its discretion in denying the motion to transfer venue. However, we reverse the order appealed and remand -without prejudice to Rodriguez’ amendment of the complaint to allege additional facts in support of venue in Dade County as to her new action and for an evidentiary hearing on the motion to transfer venue. Both sides should be permitted to conduct discovery and submit affidavits in support of their respective positions on the issue.
Reversed and remanded for further proceedings consistent with this opinion.