678 So.2d 1322 (1996)
CITY OF TREASURE ISLAND, a Florida municipal corporation, Appellant,
v.
PROVIDENT MANAGEMENT CORPORATION and Laurence N. Belair, Appellees.
Nos. 95-00806, 95-00807.
District Court of Appeal of Florida, Second District.
June 28, 1996.
*1323 W. Douglas Berry and William R. Lewis of Butler, Burnette & Pappas, Tampa, for Appellant.
Steven L. Brannock and Stacy D. Blank of Holland & Knight, Tampa, for Appellee Provident Management Corporation.
Leonard Smith, Rodney S. Fields, Jr., and Brian P. Battaglia of Battaglia, Ross, Dicus & Wein, P.A., Tampa, for Appellee Laurence N. Belair.
ALTENBERND, Judge.
The City of Treasure Island ("the City") appeals final judgments in favor of Provident Management Corporation ("Provident") and Laurence N. Belair. The judgments essentially treat the City as its own surety with an unlimited bond for a zoning-related injunction. We conclude that a municipality does not become a surety when the trial court declines to require a bond for a temporary injunction pursuant to Florida Rule of Civil Procedure 1.610(b). In the absence of a bond, Provident and Mr. Belair must allege and prove some other cause of action against the City if they are to recover damages arising from the injunction. We reverse the judgments and remand to the trial court to permit Provident and Mr. Belair to proceed on alternative theories.
The underlying facts in this case are explained in detail in Belair v. City of Treasure Island, 611 So.2d 1285 (Fla. 2d DCA 1992), review denied, 624 So.2d 264 (Fla.1993). Essentially, the City obtained a temporary injunction against Provident and Mr. Belair in May 1990 in an action to enforce the local zoning code. The temporary injunction expressly stated that the City was not required to post a bond. Provident and Mr. Belair appealed the temporary injunction, and this court affirmed without written opinion. Belair v. City of Treasure Island, 574 So.2d 145 (Fla. 2d DCA 1990); Provident Management Corp. v. City of Treasure Island, 572 So.2d 916 (Fla. 2d DCA 1990). During the pendency of the nonfinal appeals, Provident sought a modification of the temporary injunction in the trial court, but made no effort to require the City to post a bond. Thereafter, the trial court entered a permanent injunction *1324 in June 1991, which this court reversed. Belair v. City of Treasure Island, 611 So.2d 1285 (Fla. 2d DCA 1992), review denied, 624 So.2d 264 (Fla.1993).
On remand, both Provident and Mr. Belair filed documents described as "notice and motion for evidentiary hearing for recovery of damages ... against Treasure Island for wrongful injunction." All of the parties treated these documents as if they were amended complaints seeking damages from the City pursuant to section 60.07, Florida Statutes (1989).[1] The City filed motions for summary judgment, arguing that no bond had been posted and that damages were not otherwise available. Judge David Seth Walker denied the motions for summary judgment and then recused himself. The case was then assigned to Judge Hansel to conduct a hearing on damages. The City appeals the final judgments awarding these damages.[2]
The dispositive issue on appeal is whether a municipality becomes its own surety, as a matter of law, when the court requires no bond in its order granting a temporary injunction. We have found no Florida authority in support of this proposition and conclude that rule 1.610(b) and the supreme court's decision in Parker Tampa Two, Inc. v. Somerset Development Corp., 544 So.2d 1018 (Fla.1989), do not treat a governmental agency as if it were its own surety.
Rule 1.610(b) mandates a bond for most temporary injunctions when the petitioner is a private party. However, the rule further provides:
When any injunction is issued on the pleading of a municipality or the state or any officer, agency, or political subdivision thereof, the court may require or dispense with a bond, with or without surety, and conditioned in the same manner, having due regard for the public interest.
This provision gives the trial court discretion either to require or dispense with a surety bond. In this case, the trial court dispensed with the bond. The briefs in the nonfinal appeals reveal that neither Mr. Belair nor Provident argued this decision was an abuse of discretion.
In the late 1980s, there was considerable debate concerning the damages available under section 60.07. In June 1989, approximately one year before the entry of the temporary injunction in this case, the supreme court held that damages for a wrongful injunction under this statute were limited to the amount of the bond unless the injunction was obtained maliciously or in bad faith. Parker Tampa Two, 544 So.2d at 1021. Although Parker Tampa Two did not involve a municipality, nothing in that decision, in section 60.07, or in rule 1.610(b) suggests governmental agencies should be treated less favorably than private citizens. Cf. Town of Davie v. Sloan, 566 So.2d 938 (Fla. 4th DCA 1990) (limiting damages against municipality to the bond amount).
Under the holding in Parker Tampa Two, a defendant harmed by an injunction has two substantially different options for redress once the injunction has been dissolved. If a bond exists, then the defendant may invoke section 60.07 or otherwise seek damages under the terms of the bond. This action is governed by the terms of the surety's contract, but liability is usually established simply upon proof that the injunction was vacated. Parker Tampa Two, 544 So.2d at 1021; National Sur. Co. v. Willys-Overland, Inc., 103 Fla. 738, 138 So. 24 (Fla.1931); Shea v. Central Diagnostic Servs., Inc., 552 So.2d 344, 346 (Fla. 5th DCA 1989). Fault *1325 and culpability are not issues essential to recovery under the terms of the typical bond.
In the absence of a bond, as in this case, or when a party seeks to recover damages beyond the amount of the bond, the party must allege and prove some other cause of action. Without attempting to limit the available theories, we note that malicious prosecution is one option. See 43A C.J.S. Injunctions § 314 (1978). Additionally, when the plaintiff is a governmental agency, the harmed defendant may occasionally be able to prove a temporary or permanent taking under the due process clause. See First English Evangelical Lutheran Church of Glendale v. County of Los Angeles, 482 U.S. 304, 107 S.Ct. 2378, 96 L.Ed.2d 250 (1987). In this case, Provident and Mr. Belair maintain that the City's conduct convinced them that it would act as its own surety and that governmental estoppel should therefore apply. See generally State, Dep't of Revenue v. Anderson, 403 So.2d 397 (Fla.1981); Greenhut Constr. Co. v. Henry A. Knott, Inc., 247 So.2d 517 (Fla. 1st DCA 1971); State, Dep't of Health & Rehab. Servs. v. Belveal, 663 So.2d 650 (Fla. 2d DCA 1995) (noting the difficulty involved in establishing promissory estoppel).[3] Elements of these theories exist in the pleadings filed by Provident and Mr. Belair on remand from the last appeal. If the trial court had granted the City's motions for summary judgment, it also would have granted leave to Provident and Mr. Belair to file amended complaints. We express no opinion on their ability to plead and prove alternative theories, but Provident and Mr. Belair should be given an opportunity to amend their pleadings on remand.
The City has raised several other issues in this appeal, most of which concern the proper measure of damage if it were treated as a surety. Because we reverse the judgments, and a trial on any alternative theory would involve other measures of damage, we decline to reach these remaining issues.
Reversed and remanded.
PARKER, A.C.J., and BLUE, J., concur.
NOTES
[1] Section 60.07 provides: "In injunction actions, on dissolution, the court may hear evidence and assess damages to which a defendant may be entitled under any injunction bond, eliminating the necessity for an action on the injunction bond if no party has requested a jury trial on damages."
[2] We note that case law indicates a bond is not a requirement for a permanent injunction. However, when a permanent injunction is entered, the surety is not released from its liability for the period of the temporary injunction. International Longshoremen's Ass'n v. Eastern S.S. Lines, Inc., 206 So.2d 473 (Fla. 3d DCA 1968). Thus, if a surety existed in this case, it would be liable for damages under the terms of the bond, at least for the period between May 1990 and June 1991.
[3] We recognize that an injured party will find it far more difficult to establish a claim against a municipality in the absence of a bond. In light of Parker Tampa Two, Inc. v. Somerset Development Corp., 544 So.2d 1018 (Fla.1989), a trial court that automatically dispenses with a bond when the plaintiff is a governmental agency risks creating losses for a defendant that will not be recoverable if the injunction is ultimately reversed. Thus, this discretionary decision should be made with care.