796 So.2d 481 (2001)
PROVIDENT MANAGEMENT CORPORATION, Petitioner,
v.
CITY OF TREASURE ISLAND, Respondent.
No. SC96000.
Supreme Court of Florida.
May 24, 2001.
Rehearing Denied September 26, 2001.
*482 Steven L. Brannock, Karl J. Brandes and Stacy D. Blank of Holland & Knight LLP, Tampa, FL, for Petitioner.
W. Douglas Berry, William R. Lewis, and Robert C. Weill of Butler Burnette Pappas, Tampa, FL; James Denhardt, City Attorney, and Edward Foreman and Thomas E. Reynolds, St. Petersburg, FL, for Respondent.
PARIENTE, J.
We have for review a decision of the Second District Court of Appeal certifying the following question to be of great public importance:
DO THE LIMITATIONS ON LIABILITY IN SECTION 768.28, FLORIDA STATUTES (1989), APPLY TO A CLAIM FOR WRONGFUL INJUNCTION AGAINST A CITY THAT WAS NOT REQUIRED TO POST AN INJUNCTION BOND?
City of Treasure Island v. Provident Mgmt. Corp., 738 So.2d 357, 362 (Fla. 2d DCA 1999) ("Provident II"). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. For the reasons explained in this opinion, we answer the certified question in the negative.

BACKGROUND
This is the second time this case has been before us and we detailed the facts of this case in our earlier decision. See Provident Mgmt. Corp. v. City of Treasure Island, 718 So.2d 738, 738-39 (Fla.1998) ("Provident I"). In short, many property owners at the Land's End condominium complex employed Provident Management Corporation ("Provident") as a rental agent to rent their units on a short-term basis. See id. at 738. The City of Treasure Island ("City") issued a cease and desist order to both Provident and the unit owners, informing them that short-term rentals violated the City's local zoning code. See id. The City thereafter sought a temporary injunction barring Provident from acting as a rental agent for Land's End properties. See id. In response, Provident requested that the trial court require the City to post a bond and the colloquy proceeded as follows:
MR. FERGUSON (counsel for Provident): Sure. There is a bond issue here. It's undisputed, I think, from the testimony, that these people can lose substantial income.
THE COURT: I don't think a municipality is required to post a bond.
MR. FOREMAN (counsel for the City): We are not required to post bond.
THE COURT: [The City has] unlimited resources. If [property owners] are damaged they can sue [the City].
The law says that they are not required to put a bond up. I mean I didn't pass that law, that is a Statute.
MR. FOREMAN: There you go.
Provident I, 718 So.2d at 740. The order granting the temporary injunction stated that the City was not required to post a bond. See id. at 738. The Second District *483 ultimately reversed the injunction because it found that Provident could not be restricted in its short-term rentals under the plain language of the code. See Belair v. City of Treasure Island, 611 So.2d 1285 (Fla. 2d DCA 1992).[1] On remand, the trial court awarded Provident damages for its losses under the injunction. See Provident I, 718 So.2d at 739.
The City appealed the damages award to the Second District, which framed "[t]he dispositive issue on appeal" as "whether a municipality becomes its own surety, as a matter of law, when the court requires no bond in its order granting a temporary injunction." City of Treasure Island v. Provident Mgmt. Corp., 678 So.2d 1322, 1324 (Fla. 2d DCA 1996). The Second District concluded that Florida Rule of Civil Procedure 1.610(b)[2] and our decision in Parker Tampa Two, Inc. v. Somerset Development Corp., 544 So.2d 1018 (Fla. 1989),[3] "do not treat a governmental agency as if it were its own surety." 678 So.2d at 1324. Accordingly, the Second District reversed the damages award, concluding that "[i]n the absence of a bond, as in this case, or when a party seeks to recover damages beyond the amount of the bond, the party must allege and prove some other cause of action."[4]Id. at 1325. Further, the Second District acknowledged that as a result of its decision and this Court's decision in Parker Tampa Two, "a trial court that automatically dispenses with a bond when the plaintiff is a governmental agency risks creating losses for a defendant that will not be recoverable if the injunction is ultimately reversed. Thus, this discretionary decision [by the trial court] should be made with care." Id. at 1325 n. 3.
We accepted jurisdiction in Provident I to consider whether damages resulting from the issuance of the preliminary injunction were precluded because the trial court had dispensed with the City's need to post an injunction bond pursuant to rule 1.610(b). 718 So.2d at 739. Because the trial court dispensed with the requirement that the City post an injunction bond, the City asserted in Provident I that no damages could be recovered against it. See id. We rejected this argument and held that "where a court `dispense[s] with a bond' pursuant to the provisions of rule 1.610(b), the enjoined party is entitled to seek the full measure of the damages it sustained by reason of the wrongfully issued preliminary injunction." Id. (emphasis supplied).[5] *484 Although raised by the City in Provident I, the majority opinion declined to address the precise issue we now confront: whether sovereign immunity prevented or limited Provident's recovery of damages for the wrongful injunction when the trial court did not require a bond as a condition of the temporary injunction. See id. at 740-41.[6]
We must address this issue now because, on remand from this Court in Provident I, the Second District concluded that although the doctrine of sovereign immunity did not preclude an award of damages against the City, the damages award was subject to the limitations of section 768.28(5), Florida Statutes (1989).[7]See Provident II, 738 So.2d at 362. Although the Second District affirmed the amount of damages, the Second District reversed the judgments to the extent that they included prejudgment interest, which is not authorized by section 768.28(5). In addition, the court reversed Provident's judgment to the extent that it contained no restriction on execution above the statutory cap of $100,000, also set forth in section 768.28(5). See id.[8]

*485 ANALYSIS
The issue presented by the certified question in this case is whether the limitations of liability contained in section 768.28, the statute waiving the State's sovereign immunity for tort claims, apply to limit an award of damages caused by a wrongfully entered injunction obtained by a governmental entity. The Second District found it "difficult to square" this Court's holding that Provident was entitled to seek damages for wrongful injunction "with a determination that total immunity exists." Id. at 360.
On appeal to this Court, the City does not argue that it is completely immune from liability for the losses suffered, but it instead asks this Court to approve the Second District's holding that the City's liability is subject to the limitations found in section 768.28. In contrast, Provident asks the Court to adopt the position advocated by Justice Wells in his Provident I concurring opinion that sovereign immunity limitations do not apply when a governmental entity invokes the court's equitable powers by seeking and obtaining a preliminary injunction.
We begin with a discussion of Florida Rule of Civil Procedure 1.610, which governs the granting of temporary injunctions, because that rule is significant to our analysis as to the nature of a proceeding for the recovery of damages flowing from an improperly entered injunction. Because a temporary injunction constitutes extraordinary relief,[9] rule 1.610(b) requires that the moving party post a bond as a condition of the court entering a temporary injunction. Fla. R. Civ. P. 1.610(b). The purpose of this bond requirement is to secure the payment of "costs and damages... if the adverse party is wrongfully enjoined." Id. The only exception to the mandatory bond requirement is when the movant is a governmental entity:
(b) Bond. No temporary injunction shall be entered unless a bond is given by the movant in an amount the court deems proper, conditioned on the payment of costs and damages sustained by the adverse party if the adverse party is wrongfully enjoined. When any injunction is issued on the pleading of a municipality or the state or any officer, agency, or political subdivision thereof, the court may require or dispense with a bond, with or without surety, and conditioned in the same manner, having due regard for the public interest. No bond shall be required on issuance of a temporary injunction issued solely to prevent physical injury or abuse of a natural person.
Id. (emphasis supplied).[10]
We explained in Provident I that the reason governmental entities are not required *486 to post a bond before the granting of a temporary injunction is because governmental entities are "presumed to be financially responsible." 718 So.2d at 740. Thus, we explained that when a governmental entity seeks a temporary injunction, rule 1.610(b) provides trial courts with the discretion to dispense with the bond requirement in order to "save the municipality the expense, inconvenience, and delay in obtaining such a bond." Id.
If a bond had been posted, the governmental entity would be liable up to the amount of the bond.[11] This is because the bond obligation is likened to a contractual obligation for which sovereign immunity has been waived. See Pan-Am Tobacco Corp. v. Department of Corrections, 471 So.2d 4, 5 (Fla.1984) (where the State has entered into a contract fairly authorized by the powers granted by general law, the defense of sovereign immunity will not protect the State from action arising from the State's breach of that contract).
Because a court of equity has the authority to require a municipality to post a bond as a condition of granting a temporary injunction, it follows that when the court waives the bond requirement in order to save the municipality the expense of the bond, the court likewise has the authority to assess damages without regard to the limitations found in section 768.28. Similar to the reasoning we relied upon in the contractual context, we adopt Justice Wells' reasoning from Provident I and hold that "[w]hen the governmental body invokes a court's equitable jurisdiction, it necessarily casts aside its cloak of immunity and is like any other litigant." 718 So.2d at 740 (Wells, J. concurring).
Further, we conclude that the limitations of section 768.28 do not apply because that statute applies only when the governmental entity is being sued in tort. In this case, the governmental entity is not being sued in tort, but rather it is being assessed damages after the reversal of a temporary injunction that it affirmatively sought. In cases such as this one, the responsibility to pay damages does not flow from wrongdoing or other tortious conduct by the party who obtained an injunction; instead, damages flow from the erroneous or "wrongful" issuance of an injunction.[12] Thus, the responsibility to pay damages flowing from the improper issuance of a temporary injunction is an implicit condition of the granting of a temporary injunction that may be reversed later. If a bond is posted, liability is limited to the amount of the bond; if the bond requirement is waived, the governmental entity in effect acts as its own surety.
Our conclusion that the limitations of section 768.28 do not apply to restrict the *487 award of damages against a governmental entity for the erroneous issuance of a temporary injunction is supported by other statutes that expressly limit damages to those set forth in section 768.28. Section 381.0012(2), Florida Statutes (1999), for example, explicitly provides that the State can be held liable in damages if a "temporary injunction or restraining order is improperly or erroneously granted ... to the extent provided for in chapter 768." If the Legislature considered damages arising from the erroneous granting of an injunction to be a species of tort action governed by section 768.28, the reference to chapter 768 would have been unnecessary.
Sovereign immunity is a "shield" and not a "sword that may be used by the state when it invokes a court's equitable jurisdiction to enjoin a party" and the injunction later turns out to be erroneous and causes damages to be incurred. Provident I, 718 So.2d at 740 (Wells, J., concurring). Therefore, unless the Legislature has expressly limited the liability of a government entity from the consequences of an improperly entered temporary injunction, courts have the inherent power to either require the posting of a bond or, if the bond requirement is waived, to require the governmental entity to pay damages if the temporary injunction is subsequently reversed.
The conclusion we reach provides the optimal balance between the interests of government entities and the interests of the wrongfully enjoined litigants. A governmental entity seeking injunctive relief has the option not to seek a temporary injunction but to wait and obtain a permanent injunction after a full presentation of evidence and a determination of entitlement to the relief. The government entity has the further choice to attempt to obtain the temporary injunction with a bond so as to cap damages in the event the injunction is wrongfully entered. As we stated in Provident I:
[T]o give effect to rule 1.160(b) and to place cities on the same footing as private parties in this regard, a court may require a city to post a bond but without surety.[13] This will fix the city's exposure at a particular amount and also protect the enjoined party in much the same manner as if a private party were seeking the injunction.
718 So.2d at 740. Then, if the governmental entity is not satisfied with the terms and conditions of the bond, it has the option of withdrawing the request for a temporary injunction and waiting to obtain a permanent injunction.
In Provident I, the Florida Association of County Attorneys filed an amicus curiae brief urging this Court to "make clear that the decision to dispense with the bond when a public body brings an action for relief does not eliminate the injured party's right to recovery if the injunction proves wrongful."[14] The amicus brief made no assertion that this right should be limited by the $100,000 cap. The amicus brief reasoned that if government entities were held to be sovereignly immune from damages from a wrongful injunction, it would make it more difficult for the government entities to obtain injunctions because trial courts would always require a bond. See, e.g., Provident I, 718 So.2d at *488 740. Similarly, to cap damages at $100,000 when a city did not post a bond would impede the injunction process because courts would be reluctant to issue unbonded injunctions.
Under our decision today, trial courts will maintain the discretion to dispense with the bond secure in the knowledge that a wrongfully enjoined citizen will still be able to seek full compensation for any damages incurred if a court later determines that the injunction was entered improperly. If governmental entities desire to limit their liability through a bond, with or without surety, they will be able to do so.
In this case, the equities clearly weigh in favor of the result we reach. When the trial court issued the temporary injunction, it specifically rejected Provident's request for a bond, reasoning that rule 1.610(b) does not require governmental entities to post bonds and that the City has "unlimited resources. If [Provident and the rental agent are] damaged, they can sue" the City. Provident I, 718 So.2d at 740. In fact, the trial court specifically dispensed with the bond on the basis that the City is a solvent entity and would be liable for any damages from the wrongful injunction. See id. Although we do not find that the City is estopped from raising the issue of its immunity, in light of the lower court's actions in this case, it would appear that an implicit condition of granting the temporary injunction without bond was that the City would be fully liable for damages. Despite the fact that the court's order did not expressly stipulate that the City would pay damages if the injunction ultimately was reversed, this condition of granting the injunction clearly was within the contemplation of the trial court and the parties.[15]
We stated in Provident I that although a governmental entity is not required to post a bond before obtaining a temporary injunction, if a bond is not posted "the enjoined party is entitled to seek the full measure of the damages it sustained by reason of the wrongfully issued preliminary injunction." Id. at 739. We extend this reasoning to make explicit that not only is the party entitled to "seek" the full measure of damages but, if the full measure of damages is awarded, the wrongfully enjoined party should be entitled to recover the full measure of damages unless a bond has been posted.
Accordingly, we quash the decision below, answer the certified question in the negative and remand for further proceedings consistent with this opinion.
It is so ordered.
WELLS, C.J., and SHAW, HARDING and LEWIS, JJ., concur.
ANSTEAD and QUINCE, JJ., dissent.
NOTES
[1] Laurence Belair was also a party in this case, but we have granted his motion to voluntarily dismiss his petition seeking discretionary review of Provident II. See Belair v. City of Treasure Island, 751 So.2d 1250 (Fla. 2000) (table citation).
[2] Florida Rule of Procedure 1.610(b), provides:

(b) Bond. No temporary injunction shall be entered unless a bond is given by the movant in an amount the court deems proper, conditioned on the payment of costs and damages sustained by the adverse party if the adverse party is wrongfully enjoined. When any injunction is issued on the pleading of a municipality or the state or any officer, agency, or political subdivision thereof, the court may require or dispense with a bond, with or without surety, and conditioned in the same manner, having due regard for the public interest. No bond shall be required on issuance of a temporary injunction issued solely to prevent physical injury or abuse of a natural person.
[3] In Parker, this Court held that where a bond is posted, "the damages which are recoverable for wrongfully obtaining an injunction [are] limited to the amount of the injunction bond." 544 So.2d at 1019.
[4] Examples of such causes of action that the Second District mentioned were malicious prosecution and unlawful taking. See City of Treasure Island, 678 So.2d at 1325.
[5] Justice Anstead wrote a dissenting opinion arguing that in the absence of a bond, damages for a wrongfully entered injunction can only be recovered if a separate cause of action is established, such as malicious prosecution. See Provident I, 718 So.2d at 742-44.
[6] Although the majority opinion in Provident I did not address the issue of sovereign immunity, both Justice Wells and Justice Overton wrote separate opinions addressing that issue. Justice Wells wrote a concurring opinion in which he expressed the view that the doctrine of sovereign immunity is not implicated when a court assesses against a governmental entity damages flowing from a wrongful injunction because "a governmental body waives sovereign immunity when it takes the affirmative action of invoking a court's equitable jurisdiction." Provident I, 718 So.2d at 741 (Wells, J., concurring). In contrast, Justice Overton wrote a dissenting opinion in Provident I in which he expressed his view that because the City's actions did not result in a total taking and because Provident was not a property owner, principles of sovereign immunity barred Provident from recovering anything other than costs and attorney's fees. See id. at 741 (Overton, J., dissenting).
[7] Section 768.28, Florida Statutes (1989), provides:

768.28. Waiver of sovereign immunity in tort actions; recovery limits; limitation on attorney fees....
(1) In accordance with s. 13, Art. X, State Constitution, the state, for itself and for its agencies or subdivisions, hereby waives sovereign immunity for liability for torts, but only to the extent specified in this act. Actions at law against the state or any of its agencies or subdivisions to recover damages in tort for money damages against the state or its agencies or subdivisions for injury or loss of property, personal injury, or death caused by the negligent or wrongful act or omission of any employee of the agency or subdivision while acting within the scope of his office or employment under circumstances in which the state or such agency or subdivision, if a private person, would be liable to the claimant, in accordance with the general laws of this state, may be prosecuted subject to the limitations specified in this act....
. . . .
(5) The state and its agencies and subdivisions shall be liable for tort claims in the same manner and to the same extent as a private individual under like circumstances, but liability shall not include punitive damages or interest for the period before judgment. Neither the state nor its agencies or subdivisions shall be liable to pay a claim or a judgment by any one person which exceeds the sum of $100,000 or any claim or judgment, or portions thereof, which, when totaled with all other claims or judgments paid by the state or its agencies or subdivisions arising out of the same incident or occurrence, exceeds the sum of $200,000.... [T]hat portion of the judgment that exceeds these amounts may be reported to the Legislature, but may be paid in part or in whole only by further act of the Legislature.
[8] See generally Young v. Progressive Southeastern Ins. Co., 753 So.2d 80, 87 (Fla.2000).
[9] In order to obtain a temporary injunction, the party seeking the injunction must establish that: (1) irreparable injury will result if the injunction is not granted; (2) there is no adequate remedy at law; (3) the party has a clear legal right to the requested relief; and (4) the public interest will be served by the temporary injunction. See Liberty Fin. Mortg. Corp. v. Clampitt, 667 So.2d 880, 881 (Fla. 2d DCA 1996); see also Weinstein v. Aisenberg, 758 So.2d 705, 706 (Fla. 4th DCA), review dismissed, 767 So.2d 453 (Fla.2000).
[10] Section 60.07, Florida Statues (1989), provides a mechanism by which damages from a wrongfully issued injunction can be assessed without the necessity of bringing a separate action for recovery of damages:

Assessment of damages after dissolution. In injunction actions, on dissolution, the court may hear evidence and assess damages to which a defendant may be entitled under any injunction bond, eliminating the necessity for an action on the injunction bond if no party has requested a jury trial on damages.
Provident filed a motion pursuant to section 60.07, and the hearing on damages in the trial court was "more comparable to a complex hearing on a motion to assess costs following an appeal than to a typical nonjury trial." Provident II, 738 So.2d at 359.
[11] Where the injunction is wrongfully issued and a bond is posted, liability is capped at the amount of the bond unless the party alleges and proves some other cause of action such as malicious prosecution. See Parker, 544 So.2d at 1021.
[12] The City points out that only one case aside from the present case has classified a wrongful injunction as a tort. See Proctor v. Commercial Bank, 373 So.2d 943, 944 (Fla. 4th DCA 1979). However, that case involved the proper venue of the cause of action and there was no analysis of the nature of the cause of action. In fact, the cause of action was a separate proceeding and the Fourth District stated: "This is a lawsuit alleging a tort so there is no property involved. The suit is generally about an alleged wrongful injunction obtained by appellant against the Sheriff of Marion County preventing an execution sale which sale was to be held in order to satisfy a debt owed the appellee by a third party." Id. Thus, it appears that the appellant was attempting to prove actual wrongful conduct on the part of appellant.
[13] Section 45.011, Florida Statutes (1989), defines a "bond with surety" as one having "two good and sufficient sureties, each with unencumbered property not subject to any exemption afforded by law equal in value to the penal sum of the bond or a bond with a licensed surety company as surety or a cash deposit conditioned as for a bond."
[14] The Florida Association of County Attorneys did not file an amicus brief in the present appeal.
[15] In fact, as the record in this case reveals, in a federal lawsuit brought by Provident, the City argued that the federal court should abstain in favor of the state injunctive proceeding, stating:

If the state court determines that this order is improvidently entered at any point in time, then there are going to be some damages against the City. This Court knows more about injunctions than I'm ever going to know. And the Court knows that if it's improvidently entered anywhere, there are going to be damages against the City.