SCHWARTZ, Senior Judge
(dissenting).
While Judge Ramirez’s opinion is persuasive and well reasoned, I am “constrained,” as we say, to disagree. In my view, the case is governed by Parker Tampa Two, Inc. v. Somerset Development Corp., 544 So.2d 1018 (Fla.1989), which straightforwardly holds that attorney’s fees are not recoverable in lis pendens cases except to the extent of any injunction bond. In contrast, Provident Management Corp. v. City of Treasure Island, 718 So.2d 738 (Fla.1998), upon which the majority relies, is not controlling. Unlike Provident, there was no interruption or departure from the “orderly step-by-step procedure [provided by statute in lis pen-dens proceedings] whereby all parties can be continually apprised of the consequences of their actions.” Parker Tampa Two, Inc., 544 So.2d at 1021. In Provident, the procedure got stuck because the proponent of the lis pendens was a municipality exempt from posting any bond. In this case, in contrast, the action below proceeded with complete “step-by-step” regularity. It simply, however, did not reach the stage in which the amount of an injunction bond was to be determined, so that the appellee was not yet placed in a position of making a meaningful choice between posting the bond — and subjecting itself, inter alia, to a claim for fees — and dismissing the lis pendens — and, inter alia, avoiding that exposure. Since the Provident exception to the “fees-limited-to-the-bond” rule therefore does not apply, the “American Rule,” which — except in rare, strictly circumscribed instances — does not permit the recovery of attorney’s fees by a successful litigant, does. See Campbell v. Goldman, 959 So.2d 223 (Fla.2007); Fla. Patient’s Comp. Fund v. Rowe, 472 So.2d 1145, 1148 (Fla.1985).
In the end, this is an ordinary case in which the winning party must, as usual, shoulder the burden of doing so.