*637
 
 ON MOTION FOR WRITTEN OPINION
 

 PER CURIAM.
 

 Granting the State of Florida’s motion for written opinion, we withdraw our previous per curiam decision, and affirm with opinion as follows.
 

 The State of Florida, Office of the Attorney General, appeals from a final judgment against it for damages to Appellees flowing from the State’s wrongful temporary injunction obtained in 1995 without a bond, which shuttered Appellees’ bingo hall operations and related businesses throughout Florida. Most of the issues raised by the State have already been decided against it in
 
 Bradenton Group, Inc. v. Department of Legal Affairs,
 
 701 So.2d 1170 (Fla. 5th DCA 1997),
 
 Department of Legal Affairs v. Bradenton Group, Inc.,
 
 727 So.2d 199 (Fla.1998), and
 
 Bradenton Group, Inc. v. State,
 
 970 So.2d 403 (Fla. 5th DCA 2007). As such, these issues are established law of the case, and we decline to address them again.
 
 Fla. Dep’t of Transp. v. Juliano,
 
 801 So.2d 101, 105 (Fla.2001).
 

 The only arguable issues remaining in this appeal are the State’s claims of sovereign and prosecutorial immunity. To the extent that these defenses were not waived for failure to raise them in multiple prior appeals,
 
 Airac, Inc. v. Ranger Insurance Company,
 
 330 So.2d 467 (Fla.1976),
 
 [1]
 
 we find that the immunity defenses are not available to the State under
 
 Provident Management Corporation v. City of Treasure Island,
 
 796 So.2d 481 (Fla.2001). As explained in
 
 Provident:
 

 Sovereign immunity is a ‘shield’ and not a ‘sword that may be used by the state when it invokes a court’s equitable jurisdiction to enjoin a part/ and the injunction later turns out to be erroneous and causes damages to be incurred. Therefore, unless the Legislature has expressly limited the liability of a government entity from the consequences of an improperly entered temporary injunction, courts have the inherent power to either require the posting of a bond or, if the bond requirement is waived, to require the governmental entity to pay damages if the temporary injunction is subsequently reversed.
 

 The conclusion we reach provides the optimal balance between the interests of government entities and the interests of the wrongfully enjoined litigants. A governmental entity seeking injunctive relief has the option not to seek a temporary injunction but to wait and obtain a permanent injunction after a full presentation of evidence and a determination of entitlement to the relief. The government entity has the further choice to attempt to obtain the temporary injunction with a bond so as to cap damages in the event the injunction is wrongfully entered....
 

 Id.
 
 at 487 (internal citations omitted).
 

 AFFIRMED.
 

 LAWSON and EVANDER, JJ„ and ZAMBRANO, R., Associate Judge, concur.
 

 [1]
 

 .
 
 But see Wallace v. Dean,
 
 3 So.3d 1035, 1045 n. 14 (Fla.2009) (sovereign immunity relates to subject matter jurisdiction).