IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

VILLASOL COMMUNITY
DEVELOPMENT DISTRICT,

   Appellant,

 v.             Case No. 5D16-774

TC 12, LLC,

   Appellee.
_____/

Opinion filed May 5, 2017

Non-Final Appeal from the Circuit
Court for Osceola County,
Scott  Polodna, Judge.

Mitchell E. Albaugh, Scott D. Clark, and
Christopher M. Hamilton, of Clark &
Albaugh, LLP, Winter Park, for Appellant.

Karen Cox, of Bush Ross, P.A., Tampa, for
Appellee.

PER CURIAM.

  In this nonfinal appeal we address the only issue on which we have jurisdiction—

whether sovereign immunity shields Appellant from a claim for damages that Appellee

allegedly suffered as a result of an injunction Appellant obtained.  Appellant successfully

sought a temporary injunction against Appellee and posted a bond as ordered by the trial

court. After the temporary injunction was dissolved, Appellee sought damages pursuant

to section 60.07, Florida Statutes (2015). In response, Appellant sought a determination that the damages should be limited to the amount of the bond. After a hearing, the trial court ruled that damages were not limited to the amount of the bond. The trial court has not yet determined the amount of damages.

Appellant invokes our jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(xi), claiming that it was entitled to sovereign immunity for all damages over the amount of the bond. Even assuming that this argument was preserved, we conclude that it lacks merit.[1] A governmental body waives sovereign immunity when it takes affirmative action to obtain an injunction. *State v. Bradenton Grp., Inc.*, 26 So. 3d 636, 637 (Fla. 5th DCA 2010). The waiver is not limited to the amount of the posted bond. It is the invocation of equity jurisdiction that gives rise to the waiver, not the posting of a bond. *Id.* Although there might be another legal theory limiting damages to the amount of the bond under some circumstances, we do not have jurisdiction to address that issue in this appeal from a nonfinal order.

AFFIRMED.

TORPY and LAMBERT, JJ., and JACOBUS, B.W., Senior Judge, concur.

---

[1] The parties disagree about whether Appellant argued this issue below. We are giving Appellant the benefit of the doubt on this ambiguous record.