# Supreme Court of Florida

_____

No. SC17-1293
_____

**VILLASOL COMMUNITY DEVELOPMENT DISTRICT,**
Petitioner,

vs.

**TC 12, LLC,**
Respondent.

October 4, 2018

PER CURIAM.

Villasol Community Development District seeks review of the decision of the Fifth District Court of Appeal in *Villasol Community Development District v. TC 12, LLC*, 226 So. 3d 854 (Fla. 5th DCA 2017) (table), on the ground that it expressly and directly conflicts with *Provident Management Corp. v. City of Treasure Island*, 796 So. 2d 481 (Fla. 2001). After careful review, we determine that review in this case has been improvidently granted. Accordingly, this case is hereby dismissed.

It is so ordered.

CANADY, C.J., and LEWIS, POLSTON, LABARGA, and LAWSON, JJ., concur.
QUINCE, J., dissents with an opinion, in which PARIENTE, J., concurs.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

QUINCE, J., dissenting.

The decision below expressly and directly conflicts with *Provident* and *Parker Tampa Two, Inc. v. Somerset Development Corp.*, 544 So. 2d 1018, 1019 (Fla. 1989). The majority's decision to discharge jurisdiction is based on the Fifth District's limitation of its holding to "whether sovereign immunity shields [Villasol] from a claim for damages that [TC 12, LLC] allegedly suffered as a result of an injunction [Villasol] obtained." *Villasol Cmty. Dev. Dist. v. TC 12, LLC*, 42 Fla. L. Weekly D1038, D1038 (Fla. 5th DCA 2017). Contrary to the majority's position, *Provident* addressed the issue of sovereign immunity.

Generally, when a wrongfully enjoined party is entitled to damages, the damages are limited to the amount of the injunction bond. *Parker Tampa Two*, 544 So. 2d at 1019. In reviewing the certified question presented in *Parker Tampa Two*, this Court recognized the majority and minority views on the issue and chose to "adopt the majority view and limit liability to the bond amount where the injunction is obtained in good faith." *Id.* at 1020. We later considered this limitation of liability in the context of a sovereign that did not post a bond, expanding the rule adopted in *Parker Tampa Two*.

In *Provident*, this Court held that the statutory limitation of liability found in section 768.28, Florida Statutes (1989), waiving the State's sovereign immunity for

- 2 -

tort claims, does not apply to a claim for wrongful injunction against a governmental entity that did not post an injunction bond. 796 So. 2d at 488. Throughout *Provident*, this Court contrasted the situation in that case to the situation in which a governmental entity does post a bond, limiting liability to the amount of the bond. *See id.* at 485-86, 486 n.11, 488 (citing *Parker Tampa Two*, 544 So. 2d at 1018-19). This Court held that governmental liability for wrongful injunction is limited to the amount of the bond "because the bond obligation is likened to a contractual obligation for which sovereign immunity has been waived." *Id.* at 486. This Court sought "to make explicit that . . . if the full measure of damages is awarded, the wrongfully enjoined party should be entitled to recover the full measure of damages *unless a bond has been posted*." *Id.* at 488 (emphasis added).

Because *Provident* directly addresses the sovereign immunity issue and *Parker Tampa Two, Inc.*, provides the general rule limiting damages to the amount of the bond, I would retain jurisdiction to address the express and direct conflict. Accordingly, I dissent.

PARIENTE, J., concurs.

Application for Review of the Decision of the District Court of Appeal – Direct Conflict of Decisions

Fifth District - Case No. 5D16-774

(Osceola County)

- 3 -

Scott D. Clark, Mitchell E. Albaugh, and Christopher M. Hamilton of Clark & Albaugh, LLP, Winter Park, Florida,

for Petitioner

Karen S. Cox of Bush Ross, P.A., Tampa, Florida,

for Respondent