# Third District Court of Appeal

## State of Florida

Opinion filed October 25, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-0459
Lower Tribunal No. 23-3316
_____

**Amnesia International, LLC, etc.,**
Appellant,

vs.

**City of Miami Beach, etc.,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Reemberto Diaz, Judge.

Burstyn Law PLLC, and Sean A. Burstyn; Crabtree & Auslander, Charles M. Auslander, John G. Crabtree, Linda Ann Wells, and Brian C. Tackenberg, for appellant.

Rafael A. Paz, City Attorney, Robert F. Rosenwald, Jr., Chief Deputy City Attorney, and Freddi R. Mack, Senior Assistant City Attorney; Weiss Serota Helfman Cole & Bierman, P.L., and Edward G. Guedes, Joseph H. Serota, Eric P. Hockman, and Lindsay M. Behnke, for appellee.

Before EMAS, MILLER and LOBREE, JJ.

EMAS, J.

Amnesia International, LLC, d/b/a Story Nightclub, appeals an order denying its motion seeking a temporary injunction to prevent enforcement of City of Miami Beach ordinance 2023-4542, which prohibits, with some exceptions, the sale of alcohol after 2 a.m. at establishments south of Fifth Street.[1]  Following an evidentiary hearing, the trial court denied Amnesia's motion for temporary injunction.

"'The standard of review of trial court orders on requests for temporary injunction is a hybrid. To the extent the trial court's order is based on factual findings, we will not reverse unless the trial court abused its discretion; however, any legal conclusions are subject to de novo review.'" Law Offices of Kravitz & Guerra, P.A. v. Brannon, 338 So. 3d 1022, 1023 (Fla. 3d DCA 2022) (quoting Quirch Foods LLC v. Broce, 314 So. 3d 327, 337 (Fla. 3d DCA 2020) (additional citations omitted)).

Upon our review of the record, and applying the above-described hybrid standard of review, there is competent substantial evidence to support the trial court's order.  We find neither an abuse of discretion in the trial court's decision to deny the motion for temporary injunction, nor any error in its attendant legal conclusions.  See Fla. Dep't of Health v. Florigrown, LLC,

---

[1] We have jurisdiction.  See Fla. R. App. P. 9.130(a)(3)(B) (authorizing appellate review of nonfinal orders that "grant, continue, modify, deny, or dissolve injunctions, or refuse to modify or dissolve injunctions.")

2

317 So. 3d 1101, 1110-11 (Fla. 2021) ("A temporary injunction is extraordinary relief that should be granted only when the party seeking the injunction has established four elements: (1) a substantial likelihood of success on the merits, (2) the unavailability of an adequate remedy at law, (3) irreparable harm absent entry of an injunction, and (4) that the injunction would serve the public interest. . . . [A] movant's failure to establish any single element means that the injunction must be denied") (citing Provident Mgmt. Corp. v. City of Treasure Island, 796 So. 2d 481, 485 (Fla. 2001) (extraordinary relief) and Reform Party of Fla. v. Black, 885 So. 2d 303, 305 (Fla. 2004) (elements of a claim for a temporary injunction).

Affirmed.